James J. FELIX, Jr., Appellant,

v.

Bruce THALER and Loren Brewer, Appellees.

No. 01–94–01029–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1995.

James J. Felix, Jr., Huntsville, pro se.

Dan Morales, Jorge Vega, Ann Kraatz, Shawn Fitzpatrick, Drew T. Durham, Austin, for appellees.

Before MIRABAL, COHEN and TAFT, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from an order dismissing a frivolous mandamus. We affirm.

Felix is a prison inmate of the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID). Thaler is the senior warden of the prison, and Brewer is the health administrator. Felix's cause of action is based on the Open Records Act (ORA), TEX.GOV'T CODE ANN. §§ 552.001–.353 (Vernon 1994). Felix alleges that Thaler and Brewer effectively denied him access to TDCJ–ID's Health Services Policy and Procedure Manual (the health services manual) by not complying with certain provisions of ORA. Pursuant to the enforcement provisions of ORA, Felix filed a petition for writ of mandamus in the trial court to compel Thaler and Brewer to comply with ORA.[1]

Thaler and Brewer filed a general denial and a motion to dismiss Felix's petition as frivolous. Without a hearing, the trial court dismissed Felix's mandamus. The trial court's order provided, "[T]he Court after considering the pleadings of the parties filed herein, is of the opinion that plaintiff's claim is frivolous or malicious under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001; that is, the claim has no arguable basis in law or fact." Felix argues that the trial court abused its discretion by dismissing his petition.

 A pro se in forma pauperis suit may be dismissed either before or after service of process if the action is frivolous or malicious. Hector v. Thaler, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ). The trial court has broad discretion in its determination to dismiss a suit under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1995). Id. Where, as in this case, there has been no fact hearing before dismissal of the suit, the issue is whether the trial court properly determined that there was no arguable basis in law for the suit. Id. Thus, we accept the facts as set forth in Felix's petition and exhibits as true.

 A writ of mandamus to compel disclosure of information under ORA must meet the general requirements relating to mandamus. Texas Ind. Acc. Bd. v. Industrial Foundation, 526 S.W.2d 211, 214–15 (Tex. Civ.App.—Beaumont 1975), aff'd., 540 S.W.2d 668 (Tex.1976). To obtain mandamus relief Felix must show a clear abuse of discretion or the violation of a duty imposed by law. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.1985). The relator bears the burden of establishing entitlement to mandamus relief. Hansen v. Sullivan, 886 S.W.2d 467 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). Mandamus is an extraordinary writ and is not issued as a matter of right, but rests largely in the sound discretion of the court. Texas Ind. Acc. Bd., 526 S.W.2d at 214. The writ will not be granted unless the petition shows that the relator has a clear right to the writ. Id.

On June 8, 1994 Felix submitted a request to Brewer to review the health services manual.[2] On June 15, 1994, Felix submitted a second request to review the manual. On June 18, 1994, Felix was notified that he had an appointment to review the manual on June 21, 1994. On June 20, 1994, a prison official made a notation in the "disposition" section of each of Felix's requests indicating that he had been scheduled to review the manual at 2:30 p.m. on June 21, 1994.

On June 21, 1994, Felix was summoned to the infirmary by Brewer who asked him what he wanted to review in the manual. Felix responded that he wanted to view the whole manual. Brewer asked Felix what he was looking for specifically. Felix responded that he would like to begin with the index. Brewer told Felix that if he would tell him what he was looking for, Brewer could tell him exactly where it was located in the manual. Brewer directed Felix to a chair with no tabletop, and Felix began copying the manual by hand. Felix was allowed to review the manual for 49 minutes. Felix asked Brewer

---

1. A person requesting information may file a writ of mandamus to compel a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision, or refuses to supply public information that the attorney general has determined is a public record. TEX.GOV'T CODE ANN. § 552.321 (Vernon 1994).

2. The record shows that the health services manual is a three volume document. The prison unit has only three copies of the manual; one is kept in the warden's office, one is kept at the nursing station, and one is kept in the health service administration area.

when he would be allowed to continue reviewing the manual. Brewer told Felix that because of the volume of requests from other inmates, Felix would need to submit another request. Felix filled out another request form and slipped it into the sick call box before he left the infirmary.

On July 5, 1994, Felix wrote a letter to Thaler "detailing [his] problem and requesting his assistance in being allowed to continue [his] review and copying of the manual." On July 14, 1994, Felix submitted another request to Brewer to continue his review and copying of the manual.

On July 20, 1994, Felix was allowed to go to the infirmary to review the manual. Felix asked Brewer how long he would be allowed to see the document and Brewer responded, "until I get tired and run you out." Felix asked if he would be allowed to see the manual every day for 10 consecutive days. Brewer informed him that he could see the manual once every 30 days. Felix was allowed to sit at a table and copy the manual for over an hour and a half. When he left he filled out another request to continue copying the manual and placed it in Brewer's hand.

On July 27, 1994, a prison official noted at the bottom of Felix's most recent request that Felix was in solitary confinement. There was also a note to Felix that when he got out of solitary confinement he could schedule an appointment to continue his review of the manual. On July 27, 1994, Felix filed his petition for writ of mandamus in the trial court.

Felix admits that he has been granted access to the manual, but contends that the conditions under which he was allowed to review the document do not comply with the requirements of ORA. Felix first complains that his requests were not met in a timely manner. TEX.GOV'T CODE ANN. § 552.221 (Vernon 1994) provides:

> (a) An officer for public records of a governmental body shall promptly produce public information for inspection, duplication, or both, in the offices of the governmental body on application by any person to the officer.

> (b) If the requested information is unavailable at the time of the request to examine because it is in active use or in storage, the officer for public records shall certify this fact in writing to the applicant and set a date and hour within a reasonable time when the record will be available for inspection or duplication.

Felix argues that Brewer and Thaler did not *promptly* respond to his request. There is a provision of ORA that provides that a governmental body may promulgate rules of procedure under which public records may be inspected efficiently, safely, and without delay. TEX.GOV'T CODE ANN. § 552.230 (Vernon 1994). Pursuant to this provision the Texas Department of Criminal Justice promulgated the Open Records Act Manual which provides:

> Governmental bodies must "promptly produce public information" in response to an open records request. TEX.GOV'T CODE ANN. § 552.221(a). To "promptly produce public information" means that a governmental body may take a reasonable amount of time to produce the information. What constitutes a reasonable amount of time depends on the facts in each case—some easily obtained information may be produced the same day, while other information may take a couple of weeks. The volume of information requested is highly relevant to what constitutes a reasonable period of time.

The issue presented is whether Felix's allegations show that the prison officials were unreasonable in responding to his requests, thereby entitling Felix to mandamus relief. The record shows that Brewer responded to Felix's first request within 10 days, and that Felix was allowed to review the manual 13 days after his first request. Approximately one month later he was again allowed to review the manual. The record further shows that there are only three copies of the manual on the unit. These three copies are to be used by all the prison officials as well as several hundred inmates. Due to the number of requests to review the manual, the prison officials have determined that inmates may schedule appointments every 30 days.

Further, appellant was in solitary confinement during a portion of the period involved.

█ As a prisoner, Felix does not enjoy the same freedoms enjoyed by persons not confined to the penitentiary. He may not always exercise his rights at the time of his choosing. Just as the prison officials tell Felix when he may sleep, eat, and work, they may also tell him when he may exercise his rights to view ORA information. We conclude, taking all of Felix's allegations as true, that he has no arguable basis in law for mandamus relief based on the timeliness of the prison's responses.

Felix also argues that his requests for information are not treated in a uniform manner. TEX.GOV'T CODE ANN. § 552.223 (Vernon 1994) provides:

> The officer for public records or the officer's agent shall treat all requests for information uniformly without regard to the position or occupation of the person making the request, the person on whose behalf the request is made, or the status of the individual as a member of the media.

In his petition, Felix asserts that his requests are not treated uniformly. However, Felix does not allege in his petition that his requests were treated differently from the requests of other prisoners or persons requesting the same information. Simply because the prison officials do not give the same response to each of his requests does not mean that his requests are not treated uniformly.

Felix also argues that he was not provided reasonable comfort and facility in his efforts to review the manual. TEX.GOV'T CODE ANN. § 552.224 (Vernon 1994) provides:

> The officer for public records or the officer's agent shall give to a person requesting public records all reasonable comfort and facility for the full exercise of the right granted by this chapter.

Felix was apparently attempting to copy the entire health services manual by hand. Defendants admit that he has this right. However, Felix argues that his efforts were hampered because he was not given a desk; he was only given a chair. Thus, he was attempting to copy the manual while he held

it on his lap. Felix argues that this is not "reasonable comfort." The record shows that the first time he reviewed the manual, Felix was given only a chair; however, at the beginning, the prison officials were not aware Felix wanted to hand-copy the manual. The second time Felix reviewed the manual he was allowed to sit at a table. We find that section 552.224 does not require a governmental entity to automatically provide a desk to people seeking public information.

Felix also complains that he was not allowed to review the manual for 10 consecutive days, but was required to submit a new request on each occasion to continue his review, and was only allowed to see the document once every 28–30 days. TEX.GOV'T CODE ANN. § 552.225 (Vernon 1994) provides in part:

> (a) A person requesting public information must complete the examination of the information not later than the 10th day after the date the custodian of the information makes it available to the person.

Article 552.225 provides for a 10 day extension if the person requesting the information files a written request for more time. TEX. GOV'T CODE ANN. § 552.225(b) (Vernon 1994). The statute also provides that the examination of the information may be interrupted if the information is needed for use by the governmental body, and that the period of interruption does not count towards the 10 days. TEX.GOV'T CODE ANN. § 552.225(c) (Vernon 1994).

The attorney general has interpreted this article to mean that a governmental official "must provide access to public records *on a daily basis* for a minimum of 10 days per request, a minimum of 20 days if the requestor makes a timely request for an extension, and a minimum of 30 days if the requestor properly seeks additional time in writing...." *Op. Tex. Att'y Gen. No.* MW–307 (1981) (emphasis added). However, this provision has never been interpreted where the requestor is an inmate, and the governmental body from which he requests information is the prison in which he is incarcerated.

The attorney general's opinion presupposes that the person requesting information

is actually available to review the information for 10 consecutive days. However, as we stated earlier, a prisoner's time is strictly controlled by the prison officials. Felix has no absolute right to 10 full, consecutive days, plus two 10 day extensions, for a total of 30 full days to complete his examination of the manual.

For example, after one of Felix's requests he was placed in solitary confinement for an unrelated matter. There is nothing in the statute that requires prison officials to remove Felix from solitary confinement simply so he can continue his review of the manual. As long as the prison officials act reasonably, they may schedule Felix's visits as they see fit. The interruptions between visits will not count toward the 10 days required for Felix to complete his review of the manual.

Based on Felix's undisputed recitation of the facts, we find that he has failed to show that the prison officials acted unreasonably in this case.

Finally, Felix argues that the prison officials made impermissible inquiries about his request for information. TEX.GOV'T CODE ANN. § 552.222 (Vernon 1994) provides:

> The officer for public records and the officer's agent may not make an inquiry of a person who applies for inspection or copying of a public record except to establish proper identification and the public records requested.

■ Felix alleges that the prison official attempted to intimidate him by repeatedly asking him exactly and specifically what he was looking for in the health services manual on his first visit. However, in context, these questions were a permissible inquiry—the official was attempting to help Felix locate whatever he was looking for.

To obtain mandamus relief, Felix was required to show that the prison officials abused their discretion or failed to perform an act required by law. Accepting Felix's version of the facts as true, we find that Felix failed to meet his burden of showing that the prison officials acted unreasonably in responding to his requests. Because Felix's petition has no arguable basis under the law,

the trial court did not abuse its discretion by dismissing the action.

We affirm the judgment.