NO. 12-01-00187-CV


NO. 12-01-00195-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DEBORAH K. BLACK,
§
 APPEAL FROM THE 4TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


BRUCE JACKSON,

APPELLEE
§
 RUSK COUNTY, TEXAS







 Appellant Deborah K. Black ("Black") sued Appellees Bruce Jackson ("Bruce") and Vivian
Jackson ("Vivian") in separate actions filed in Rusk County, Texas. The trial court granted a motion
to dismiss in each case, and Black challenges the dismissals. We modify the orders of the trial court
and as modified, affirm.

Background (1)


 Black was married to Michael Black ("Michael"), and two daughters, Stephanie and Stacy, 
were born to their marriage. During the marriage, Black, Michael, and their daughters left the church
they attended and embraced a different religious faith. That action distressed several of Black's
family members, who did not share Black's new beliefs. As a result, those individuals made
comments about Black's faith and engaged in conduct that Black considered to be harassment. 
Vivian is Black's sister and one of the family members who did not approve of Black's new beliefs. 
Bruce is Vivian's husband. 

 Michael ultimately divorced Black, and she became convinced that Bruce and Vivian played
a role in the termination of her marriage and also assisted Michael in obtaining "control of both
[their] daughters." She further concluded that Bruce and Vivian were trying to persuade her adult
daughter, Stephanie, to return to the church Michael and Black formerly attended. (2) As a result,
Black, acting pro se, sued Bruce and Vivian on April 24, 2001. (3) She also filed an Affidavit of
Inability to Pay Costs in each case pursuant to Rule 145 of the Texas Rules of Civil Procedure. (4) The
pleadings and the procedural history are identical for each case, and we therefore consider the cases
together on appeal. 

 In her Second Amended Petition filed on May 15, 2001, Black alleged that Bruce and Vivian
interfered in the lives of Black, her two daughters, and her granddaughter and entered into a
conspiracy to slander, harass, and endanger them. She also stated that Bruce and Vivian willfully
exploited several passages of the Bible relating to the family, chose to interfere in her family
relationships, and "contribute[d] opportunities to cause the demise of [her] family completely." 
Further, Black alleged that Bruce and Vivian are liable "for making a freewill choice to help
[Michael] divide our home illegally and in efforts that violate our religious faiths simultaneously
too." Black also averred that Bruce and Vivian urged her to apply for Social Security disability
benefits, which violates her faith. (5) However, Black pleaded few facts to explain or support her
allegations.

 Black alleged that Bruce and Vivian's conduct violates her rights under the United States
Constitution, the "Uniform Child Custody Jurisdiction [Enforcement] Act" ("the UCCJEA"), the
"Religious [Freedom] Restoration Act" ("RFRA"), and section 42.003 of the Texas Family Code
pertaining to civil liability for interference with a possessory interest in a child. As a result, she
sought $300,000 in damages and requested either a court-ordered mediator or a jury trial. She also
stated that she wanted an opportunity to reveal the actions of Bruce and Vivian, which would allow
her family members to be fully informed of "all the extenuating circumstances that contributed to
[the family's] demise" and make an informed choice about whether to reunite.

 On May 21, 2001, Bruce and Vivian each filed a motion to dismiss Black's claims pursuant
to section 13.001(a)(2) of the Texas Practice and Remedies Code, alleging that the claims were
frivolous and malicious and that there was no basis in law for the suits. (6) On June 6, 2001, the trial
court held a hearing on the motions to dismiss. At the hearing, both Black and counsel for Bruce and
Vivian argued their respective positions to the court without introducing evidence. 

 After the hearing, the court informed the parties by letter that both motions to dismiss had
been granted. An order granting the motion and dismissing each case with prejudice was entered
on June 8, 2001. In support of its order, the trial court included findings that (1) it had no
jurisdiction, (2) there is no cause of action presented by the pleadings, and (3) there is no basis in law
for any of the relief sought. Black timely filed a notice of appeal and in eight issues contends that
the court's dismissal of her actions was erroneous and that the actions should not have been
dismissed with prejudice.

Standard of Review


 The standard of review for a dismissal pursuant to section 13.001 is whether the trial court
abused its discretion. Berry v. Texas Dep't of Criminal Justice, 864 S.W.2d 578, 579 (Tex. App.--
Tyler 1993, no writ). The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules and principles or whether the act was arbitrary and unreasonable. 
McDaniel v. Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A clear failure by a trial court to analyze or apply the
law correctly is an abuse of discretion. McDaniel, 898 S.W.2d at 253. Under section 13.001, a trial
court abuses its discretion if it dismisses a case that has an arguable basis in fact or law. Hector v.
Thaler, 862 S.W.2d 176, 179 (Tex. App.-- Houston [1st Dist.] 1993, no writ).

 In her third issue, Black asserts that the trial court erred in concluding that it had no
jurisdiction of the dismissed actions. Because jurisdiction is a threshold question, we address
Black's third issue first. Whether a trial court has jurisdiction is a question of law that is subject to
de novo review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 


Jurisdiction of the Trial Court


 Black initially contends the trial court should not have addressed the issue of jurisdiction
because neither Bruce nor Vivian pleaded lack of jurisdiction as an affirmative defense. However,
Black's argument is contrary to law. Because the jurisdiction of a court is fundamental and may not
be ignored, a court must notice, even sua sponte, the matter of its jurisdiction. Lechuza v. Texas
Employers' Ins. Ass'n, 791 S.W.2d 182, 187 (Tex. App.- Amarillo 1990, writ denied) (op. on
reh'g). Therefore, we conclude the trial court's action in that regard was proper and turn to Black's
contention that the trial court's finding of no jurisdiction is erroneous and constitutes reversible error.

 To issue a binding judgment, a court must have subject matter jurisdiction as well as personal
jurisdiction over the parties to the dispute. Federal Underwriters Exchange v. Pugh, 141 Tex. 539,
541, 174 S.W.2d 598, 600 (1943). Subject matter jurisdiction refers to the court's power to hear a
particular type of suit, while personal jurisdiction relates to the court's power to bind a particular
person or party. CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996). Personal jurisdiction is
acquired by valid service of citation or by appearance. Tex. R. Civ. P. 121; Sgitcovich v. Sgitcovich,
236 S.W.2d 861, 864 (Tex. Civ. App.- Galveston), rev'd on other grounds, 150 Tex. 398, 241
S.W.2d 142 (1951). Although the trial court in the case at bar did not state the reason for its finding,
the record clearly indicates that the court had jurisdiction of the parties. Therefore, an absence of
personal jurisdiction could not have been the basis for the court's finding, and we conclude that the
court determined it did not have subject matter jurisdiction of Black's claims. Because the trial court
did not exclude any of Black's claims from its finding, we further conclude that the trial court found
it lacked subject matter jurisdiction of all claims asserted by Black.

 Subject matter jurisdiction is determined by whether the pleader has alleged facts that
affirmatively demonstrate the court's jurisdiction to hear the case. Texas Ass'n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). Imprecisely pleaded elements of recovery are no
impediment to jurisdiction, so long as they do not affirmatively demonstrate a lack of jurisdiction.
Martin v. Victoria Indep. Sch. Dist., 972 S.W.2d 815, 819 (Tex. App.- Corpus Christi 1998, pet.
denied). When jurisdiction has been raised in the trial court, we review the trial court's ruling by
looking to the pleadings alone, construing them favorably to the pleader's position, and looking to
the pleader's intent. Texas Ass'n of Bus., 852 S.W.2d at 446. We consider only the pleadings
because the pleader ordinarily has a right to amend if the trial court determines jurisdictional facts
are not adequately alleged. Id. 

 A plaintiff who has filed an affidavit of inability to pay does not have a similar right to amend
before the trial court grants a motion to dismiss filed pursuant to section 13.001. Bohannan v.
Texas Bd. of Criminal Justice, 942 S.W.2d 113, 116 (Tex. App.- Austin 1997, writ denied). As
a result, that plaintiff is in much the same position as the parties to an action in which the trial court
does not address jurisdiction and we review the issue sua sponte on appeal. Because the pleader has
no right to amend if we determine, sua sponte, that the trial court had no jurisdiction, we conduct
a broader review. In that situation, we construe the petition in favor of the pleader, review the entire
record if necessary to determine if any evidence supports the trial court's jurisdiction, and resolve
any doubt in favor of the pleader. Texas Ass'n of Bus., 852 S.W.2d at 446. Because Black had no
opportunity to amend, we conclude that same broader review is appropriate in this case. (7)

Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) Claims

 The UCCJEA, which was effective on September 1, 1999, applies to child custody
proceedings and to proceedings to enforce a child custody determination. Uniform Child Custody
Jurisdiction and Enforcement Act, 76th Leg., R.S., ch. 34, § 2, Tex. Sess. Law Serv. 70. Because
Black's actions against Bruce and Vivian are neither child custody proceedings nor actions to enforce
a child custody determination, the UCCJEA is inapplicable. Thus, the trial court had no subject
matter jurisdiction of Black's claim that Bruce and Vivian violated the UCCJEA, and its dismissal
of the claim was proper. Bell v. Moores, 832 S.W.2d 749, 753-54 (Tex. App.- Houston [14th Dist.]
1992, writ denied) (trial court without subject matter jurisdiction has no discretion and must
dismiss).

 Even if Black's actions against Bruce and Vivian were subject to the UCCJEA, the trial court
would not have subject matter jurisdiction of Black's claims. The UCCJEA was enacted to provide
standards for determining when a State can exercise original jurisdiction over a child custody
determination and to provide a remedial process to enforce interstate child custody and visitation
determinations. Uniform Child Custody Jurisdiction Enforcement Act, Tex. Fam. Code Ann. §§
152.001-152.317 commissioners' official prefatory note (Vernon Supp. 2002). The UCCJEA does
not address conduct such as the interference with her family that Black attributes to Bruce and
Vivian. Therefore, the conduct alleged is not a proper subject for a claim under the UCCJEA. 

Religious Freedom Restoration Act (RFRA) Claims

 The requirement that an action present a "live controversy" is an essential component of
subject matter jurisdiction. State Bar of Texas v. Gomez, 891 S.W.2d 243, 254 (Tex. 1994). If at
any stage of the proceeding there ceases to be an actual controversy between the parties, a case
becomes moot. Nat'l Collegiate Athletic Ass'n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999). Once a case
or claim is determined to be moot, a court lacks subject matter jurisdiction to decide the issues. 
Euless v. Dallas/Fort Worth Airport Bd., 936 S.W.2d 699, 703 (Tex. App.- Dallas 1996, writ
denied). The same rule applies in matters of federal law. See, e.g., Powell v. McCormack, 395 U.S.
486, 496 n.7., 89 S. Ct. 1944, 1951 n.7, 23 L. Ed. 2d 491 (1969).

 One of the claims Black asserted against Bruce and Vivian involved alleged violations of the
RFRA, which is codified at 42 U.S.C.A. §§ 2000bb-2000bb-4 (West 1994 & Supp. 2001). (8) 
However, the Supreme Court ruled in 1997 that the RFRA was unconstitutional. City of Boerne v.
Flores, 521 U.S. 507, 117 S. Ct. 2157, 138 L. Ed. 2d 624 (1997). As a result, Black's claims that
were predicated on the RFRA are moot. Bronx Household of Faith v. Community Sch. Dist. No.
10., 127 F.3d 207, 217 (2d Cir. 1997), cert. denied, 523 U.S. 1074, 118 S. Ct. 1517, 140 L. Ed. 2d
670 (1998); Tien Tao Ass'n, Inc. v. Kingsbridge Park Community Ass'n, Inc., 953 S.W.2d 525,
531 (Tex. App.- Houston [1st Dist.] 1997, no pet.). Therefore, the trial court had no subject matter
jurisdiction of those claims and was required to dismiss them. Bell, 832 S.W.2d at 753-54.

Family Code Claims

 Section 42.002 of the Texas Family Code provides that a person who takes or retains
possession of a child or conceals the whereabouts of a child in violation of a possessory right of
another person may be liable for damages to that person. Tex. Fam. Code Ann. § 42.002 (Vernon
1996). Section 42.003 provides that a person who aids or assists in such conduct is jointly and
severally liable for damages. Tex. Fam. Code Ann. § 42.003 (Vernon 1996). A "child" is a person
who is under the age of eighteen, and an "adult" is a person who is not a child. Tex. Fam. Code
Ann. § 101.003(a), (c) (Vernon 1996). 

 Black asserted that Bruce and Vivian interfered with her possessory interest in both
Stephanie (9) and Stacy and therefore violated section 42.003. However, she averred that Stephanie
was over eighteen years of age during the alleged conduct. Because Stephanie was an adult at all
times relevant to Black's claims, sections 42.002 and 42.003 do not apply to her. Therefore, the trial
court had no subject matter jurisdiction of the claim pertaining to Stephanie that Black asserted
pursuant to section 42.003 and properly dismissed it. Bell, 832 S.W.2d at 753-54. 

 Black's claim pertaining to Stacy is another matter, however. A liberal construction of
Black's pleadings indicates that Stacy was a minor at all times relevant to Black's claims. As a
result, Black's allegations pertaining to Stacy do not affirmatively show a lack of jurisdiction as do
those pertaining to Stephanie. Accordingly, we conclude that the trial court had subject matter
jurisdiction of Black's claim under section 42.003 pertaining to Stacy, and its finding to the contrary
was error.

Constitutional Claims

 Black also alleged that Bruce and Vivian violated her freedom of religion guaranteed by the
First and Fourteenth Amendments to the United States Constitution. In particular, she contended
that Bruce and Vivian assisted Black's husband, Michael, in divorcing her and causing the
dissolution of her household, which has rendered her unable to practice her religious beliefs relating
to the family. After liberally construing Black's pleadings and reviewing the record, we conclude
that Black's pleadings do not affirmatively show a lack of jurisdiction and that the trial court
therefore had subject matter jurisdiction of Black's constitutional claims. Accordingly, we conclude
that the trial court's finding of no jurisdiction was error.

 Based on the foregoing analysis, we overrule Black's third issue relating to her claims
pursuant to the UCCJEA, the RFRA, and section 42.003 of the Texas Family Code insofar as the
claims asserted under section 42.003 pertain to Stephanie. However, we sustain Black's third issue
relating to her constitutional claims and to her claims asserted under section 42.003 of the Texas
Family Code pertaining to Stacy. Having found that the trial court had jurisdiction of those claims,
we now determine whether the claims were properly dismissed under section 13.001.


Applications of Section 13.001


 In Black's fourth issue, she challenges the trial court's finding that her pleadings did not
present a cause of action and contends that she should have been allowed to amend her pleadings to
correct any defective allegations. In her fifth issue, Black contends the trial court's finding that there
is no basis in law for any of the relief she requested is erroneous.

 Section 13.001 authorizes a court to dismiss an action in which an affidavit of inability to pay
is filed pursuant to Rule 145 of the Texas Rules of Civil Procedure if (1) the allegation of poverty
is false, or (2) the action is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a). 
The purpose of section 13.001 is to ensure that limited resources, both private and judicial, are
employed as efficiently as possible to resolve arguable claims and that claims without merit are
dismissed at an early stage in the proceedings. Timmons v. Luce, 840 S.W.2d 582, 585 (Tex. App.-
Tyler 1992, no writ); Pedraza v. Tibbs, 826 S.W.2d 695, 698 (Tex. App.- Houston [1st Dist.] 1992,
writ dism'd w.o.j.). Thus, the trial court has broad discretion under section 13.001 to determine
whether an action should be dismissed as frivolous. Johnson v. Lynaugh, 766 S.W.2d 393, 394
(Tex. App.- Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex. 1990). The court may make
its determination and dismiss the action sua sponte, either before or after service, Tex. Civ. Prac.
& Rem. Code Ann. § 13.001(c) (Vernon Supp. 2002), but may also consider and grant a motion to
dismiss, such as the one filed in this case. See, e.g., Thomas v. Bush, 23 S.W.3d 215 (Tex. App.-
Beaumont 2000, pet. denied). 

 A court may dismiss a claim as frivolous if the claim has no arguable basis in law. Tex. Civ.
Prac. & Rem. Code Ann. § 13.001(b)(2) (Vernon Supp. 2002). In the case at bar, the trial court
found that Black's pleadings do not "present a cause of action." We interpret that finding as a
determination that Black's claims have no arguable basis in law and are therefore frivolous. A
complaint lacks an arguable basis in law if it is based on an "indisputably meritless legal theory." 
Thompson v. West, 804 S.W.2d 575, 577 (Tex. App.- Houston [14th Dist.] 1991, writ denied). To
determine whether the trial court's finding was reversible error as Black contends, we accept all facts
set forth in Black's pleadings as true. Felix v. Thaler, 923 S.W.2d 650, 651 (Tex. App.- Houston
[1st Dist.] 1995, no writ). 

Constitutional Claims

 The United States Constitution prescribes the structure for the federal government and limits
its actions. Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 461,
102 L. Ed. 2d 469 (1988). In addition, the Due Process Clause of the Fourteenth Amendment, upon
which Black relies, protects from invasion by the states all fundamental rights comprised within the
term "liberty." E.g., Whitney v. California, 274 U.S. 357, 373, 47 S. Ct. 641, 647, 71 L. Ed. 2d
1095 (1927) (Brandeis, J., concurring). The Constitution does not, however, have the same
application to the conduct of private citizens.

 The general rule is that the conduct of private citizens is beyond the Constitution's reach. 
Since the decision in the Civil Rights Cases, 109 U.S. 3, 3 S. Ct. 18, 27 L. Ed. 2d 835 (1883), the
Supreme Court has consistently held that the action inhibited by the Fourteenth Amendment is that
which can be fairly characterized as "state action." Shelley v. Kraemer, 334 U.S. 1, 13, 68 S. Ct.
836, 842, 92 L. Ed. 2d 1161 (1948). In other words, a litigant who alleges a constitutional violation
by a private citizen must also allege facts showing that the conduct of the private citizen can in some
way be ascribed to an act or decision by the state. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163,
177, 92 S. Ct. 1965, 1973, 32 L. Ed. 2d 627 (1972). Only when the requisite degree of state
authority is present will the participants in private conduct be deemed to act with the authority of the
government and, as a result, be subject to constitutional constraints. Edmonson v. Leesville
Concrete Co., 500 U.S. 614, 619, 111 S. Ct. 2077, 2082, 114 L. Ed. 2d 660 (1991).

 Black alleged that Bruce and Vivian interfered in her family relationships and as a result have
violated her religious freedom as guaranteed by the First and Fourteenth Amendments to the United
States Constitution. Specifically, Black contends that her divorce, which she believes occurred in
part through the efforts of Bruce and Vivian, dissolved her family unit and left her and her daughters
unable to remain together and unable to comply with her religious beliefs regarding the family. It
is that result as well as the underlying conduct for which she seeks relief in her actions against Bruce
and Vivian. 

 In our examination of Black's pleadings, we find no allegation regarding any state
involvement in the conduct of which she complains. Because an allegation of state action is integral
to a cause of action for constitutional violations by a private citizen, the omission of such an
allegation renders Black's pleadings defective. As a result, Black failed to state a cause of action
against Bruce and Vivian for violating her freedom of religion. Doe v. Rains County Indep. Sch.
Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). 

Family Code Claims

 As previously stated, a person who aids or assists in taking, retaining, or concealing a child
at a time when another person is entitled to possession of or access to the child is jointly and
severally liable for any damages caused by that action. Tex. Fam. Code Ann. §§ 42.002, 42.003. 

 Black alleged that Bruce and Vivian interfered with her possessory interest in Stacy, her 
minor daughter, and that such interference violated section 42.003. An examination of her
pleadings, however, reveals that Black did not allege that either Bruce or Vivian assisted anyone who
took, retained, or concealed Stacy while Black was entitled to possession or access. Instead, she
complained of acts she described as slander, harassment, and endangerment resulting from the
dissolution of her family unit. Section 42.003 relates solely to physical interference with possession
and not to the type of conduct alleged in Black's pleadings. Therefore, an allegation of physical
interference is indispensable to a claim under section 42.003. By her failure to allege that Bruce and
Vivian committed any act prohibited by that section, Black has failed to state a cause of action
against them for violation of section 42.003. 

 Because Black's pleadings failed to state a cause of action against Bruce and Vivian for
violating her freedom of religion and for violating section 42.003 of the Texas Family Code as to
Stacy, she has made no showing that her claims are at least "arguable." We therefore hold that the
trial court did not abuse its discretion in granting the motions to dismiss as to those two claims. 
Accordingly, we overrule Black's fourth issue. Because we conclude that the foregoing claims were
properly dismissed by the trial court, we do not address Black's fifth issue. Tex. R. App. P. 47.1. 


Right To Jury Trial


 In her first, second, and seventh issues, Black asserts that the trial court erred in dismissing
her actions against Bruce and Vivian based on the pleadings and oral arguments because she was
entitled to "full adjudication" of the matters in controversy. Black further contends that the Seventh
Amendment to the United States Constitution guarantees a right to a jury trial. We interpret Black's
arguments as asserting that she has an absolute right to a jury trial to resolve her claims against Bruce
and Vivian and that the trial court's dismissal of her actions violates that right. We disagree.

 The Seventh Amendment provides that in "suits at common law, where the value in
controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.... U.S. Const.
amend. VII. That provision relates only to trials in federal courts and is therefore inapplicable here. 
Walker v. Savinet, 92 U.S. 90, 92, 23 L. Ed. 678 (1875). Article V, section 10 of the Texas
Constitution also provides a right to trial by jury in district court. Tex. Const. art. V, § 10. 
However, that right is not absolute, but is regulated by a variety of laws and rules that govern its
availability. E.g, Schorp v. Baptist Memorial Health System, 5 S.W.3d 727, 738 (Tex. App.- San
Antonio 1999, no pet.). 

 The requirement that a court have subject matter jurisdiction is in effect a limitation on a
litigant's right to trial by jury. When subject matter jurisdiction is lacking, a court has no authority
to hear the action and decide the issues before it. CSR Ltd., 925 S.W.2d at 594. Therefore,
dismissal is required. Bell, 832 S.W.2d at 753-54. A further limitation on the availability of a jury
trial is the requirement that a plaintiff have a ground of liability upon which a jury could render a
verdict. Garza-Vale v. Kwiecien, 796 S.W.2d 500, 505 (Tex. App.- San Antonio 1990, writ
denied). A plaintiff who has no cause of action, and therefore no right to recovery, is not entitled
to a jury trial. Id. at 506.

 In the instant case, we have concluded that all of Black's claims against Bruce and Vivian
were properly dismissed, either because the trial court had no subject matter jurisdiction or because
the claim was frivolous. Because both grounds for dismissal preclude a jury trial under Texas law, 
we hold that Black's right to trial by jury was not violated. Consequently, we overrule Black's first,
second, and seventh issues.

 Dismissal With Prejudice


 In her sixth issue, Black contends that the trial court committed reversible error by dismissing
her actions with prejudice and also argues that she should have been given leave to amend. Because
we have already stated that a party who files an affidavit of inability to pay is not entitled to amend
prior to dismissal, we do not revisit that argument and consider only whether dismissal with
prejudice was proper.

 Once a trial court learns that it lacks jurisdiction, it becomes the duty of the court to dismiss
the cause or claim without rendering a judgment on the merits. Li v. University of Texas Health
Science Center at Houston, 984 S.W.2d 647, 654 (Tex. App.- Houston [14th Dist.] 1998, pet.
denied). It is well established that the dismissal of an action "with prejudice" acts as a final
determination on the merits. Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). Therefore, a
dismissal with prejudice for lack of subject matter jurisdiction constitutes error. Id. Consequently,
we sustain Black's sixth issue as to her claims pursuant to the UCCJEA, the RFRA, and section
42.003 of the Texas Family Code, and insofar as those claims pertain to Stephanie, modify the trial
court's order accordingly.

 As to Black's remaining claims, we have determined that the trial court did not abuse its
discretion in dismissing those claims as frivolous. Even after we have taken all of the facts in
Black's pleadings as true, she still has not asserted a cause of action that is recognized by Texas law. 
For that reason, we conclude the trial court did not err in dismissing with prejudice Black's
constitutional claim and her claim pursuant to section 42.003 of the Texas Family Code for
interference with her possessory interest in Stacy. See, e.g., Pedraza, 826 S.W.2d at 699-00;
Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex. App.- Houston [14th Dist.] 1990, no writ). 
Accordingly, we overrule Black's sixth issue as to those claims.




 Black's eighth issue identified in each brief as "Defendant's Motives" is a summary of her
complaints against the respective appellees and presents nothing for our review. Therefore, Black's
eighth issue is overruled.

Conclusion


 Based upon our review, we hold that the trial court did not commit reversible error in
dismissing for lack of subject matter jurisdiction Black's claims asserted pursuant to the UCCJEA,
the RFRA, and section 42.003 of the Texas Family Code pertaining to her possessory interest in
Stephanie. However, we conclude that the trial court erred in dismissing those claims with prejudice
and modify the trial court's orders to dismiss without prejudice. 

 We further hold that the trial court did not abuse its discretion in dismissing with prejudice
Black's constitutional claims and her claims pursuant to section 42.003 of the Texas Family Code
pertaining to her possessory interest in Stacy. Although we determined that the trial court erred in
dismissing those claims for lack of subject matter jurisdiction, we hold that the error was harmless
because it did not cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).

 We affirm the orders of the trial court as modified.


 LEONARD DAVIS 

 Chief Justice




Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






 





 


 (PUBLISH)
1. Black filed with her brief an appendix consisting of various documents contained in two notebooks, a number
of which were not presented to the trial court. Our understanding of the background and our review of the issues raised
by Black is based only on the documents that are properly a part of the appellate record. Most of those documents were
filed by Black and set forth her perspective of the controversy.
2. The record indicates that Stephanie returned to Rusk County, but the date of her return is unclear.
3. Black sued Bruce in Cause No. 2001-140 (Appeal No. 12-01-00187-CV) and Vivian in Cause No. 2001-141
(Appeal No. 12-01-00195-CV) in the district court, 4th Judicial District, Rusk County, Texas. 
4. Rule 145 provides that an indigent party may be excused from paying costs by filing an affidavit showing an
inability to pay.
5. Black suffers from multiple sclerosis.
6. Section 13.001(a) provides as follows:


 (a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure,
has been filed may dismiss the action on a finding that:


 (1) the allegation of poverty in the affidavit is false; or


 (2) the action is frivolous or malicious.


Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a) (Vernon Supp. 2002).
7. In our consideration of Black's pleadings, we are mindful that Black appears pro se. For that reason, we
review her pleadings with "patience and liberality." In re Taylor, 28 S.W.3d 240, 246 (Tex. App.- Waco 2000, no pet.).
8. We note that the RFRA was intended "to provide a claim or defense to persons whose religious exercise is
substantially burdened by government." Religious Freedom Restoration Act, 42 U.S.C.A. § 2000bb(b)(2) (West 1994)
(emphasis added).
9. Stephanie is now known as Stephanie Black Woolfolk.