# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00052-CV

**Jerry D. Brumbaugh, Appellant**

**v.**

**Sheriff Greg Hamilton, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-08-011646, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry D. Brumbaugh appeals from the dismissal of his suit as frivolous. A trial court can dismiss a suit filed by an indigent as frivolous after considering whether (1) the action's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; or (3) it is clear that the party cannot prove a set of facts in support of the claim. Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West 2002). We review such a dismissal for an abuse of discretion. *Black v. Jackson*, 82 S.W.3d 44, 49-50 (Tex. App.—Tyler 2002, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We affirm.

At the trial court, Brumbaugh complained of mind-controlled informants infringing on his freedom to discuss the impropriety of the drug laws, the deprivation of his right to freely

buy, sell, use, and enjoy drugs, the deprivation of life and liberty inflicted by drug raids, the oppressive nature of driver's licenses and speed limits (due in part to the opportunity cost related to unnecessarily long driving times), Sheriff Greg Hamilton's failure to investigate Brumbaugh's claims of electronic intrusion into his life and failure to protect Brumbaugh from electronic intrusion, the improper application of the bankruptcy statutes, and other claims. Brumbaugh requested "[a] constitutional Ruling to deny usurpation over Civil liberties, and restore the rule of law." He also requested a declaration of which person or agency was "mind controlling" and harassing him and which persons or agencies were interfering with his claims in the trial court. He further requested declarations that he was one of "We the people" mentioned in the preamble to the Constitution, that no legislative act or law could violate the Constitution, that he is not subject to the driver's license requirement, and that a grand jury should be empaneled to investigate claims of mind control made in a book. He also requested removal of mind control devices. On appeal, Brumbaugh emphasizes his complaints regarding the drug war, the bankrutpcy code, and mind control.

We have reviewed the record and find no abuse of discretion in the trial court's dismissal of Brumbaugh's claims. Although Brumbaugh made many claims and supplied copious citation in support, we cannot say that the court acted unreasonably by concluding that Brumbaugh's case was unlikely to succeed and was not supported by arguable law or provable fact.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: October 2, 2009

2