# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00201-CV

**Jerry D. Brumbaugh, Appellant**

**v.**

**Justice John Roberts, Justice Samuel Alito, Justice Ruth B. Ginsburg,
Justice John P. Stevens, Justice Stephen Breyer, Justice David Souter,
Justice Clarence Thomas, Justice Antonin Scalia, and Justice Anthony Kennedy, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-09-002314, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry D. Brumbaugh appeals from the dismissal of his suit against the justices of the United States Supreme Court. Brumbaugh requested that the trial court declare certain Supreme Court rulings unconstitutional and restore civil liberties, stop or fix the drug war, outlaw all mind control technology, declare martial law unlawful, and collect $10,000 from each justice for dereliction of duty and fraud. The trial court dismissed, concluding that Brumbaugh's claims had only a slight chance of success and did not appear to have any arguable basis in law or fact. The trial court then concluded that the suit was frivolous and dismissed it. *See* Tex. Civ. Prac. & Rem. Code Ann. art. 13.001 (West 2002). We affirm the dismissal.

A trial court can dismiss a suit filed by an indigent as frivolous after considering whether (1) the action's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; or (3) it is clear that the party cannot prove a set of facts in support of the claim. *Id*. We review such a dismissal for an abuse of discretion. *Black v. Jackson*, 82 S.W.3d 44, 49-50 (Tex. App.—Tyler 2002, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We affirm.

In his petition, Brumbaugh complained about the application of constitutional and statutory provisions by courts and law enforcement agencies. He contended that some case law interpreting the constitution and statutes interferes with his right to know what the law is, and that some case law interpreting the Fourteenth Amendment adversely affected his interactions with others and divested individuals of civil liberties. He also complained that the enforcement of statutes punishing possession of marijuana impermissibly interfered with his constitutionally protected pursuit of happiness. He further complained that the Supreme Court should never have allowed mind-control technology to be used and that a presidential declaration of martial law was unconstitutional. In his brief, Brumbaugh characterizes his case as a struggle against tyranny.

We have reviewed the record and find no abuse of discretion in the trial court's dismissal of Brumbaugh's claims. We cannot say that the court acted unreasonably by concluding that his case was unlikely to succeed and was not supported by arguable law or provable fact.

Affirmed.

 

 

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed:   November 6, 2009

3