FILED
IN SUPREME COURT
OF TEXAS

FEB 11 2015

BLAKE HAWTHORNE, Clerk
BY PATRICK D. PASSMORE, Deputy

**Date:** 08FEB15

**TO:**

    **1)** Blake A. Hawthorne (Clerk; Tx. S.Ct.; P.O. Box 12248; Austin, TX 78711; 512-463-1312; Via postage-prepaid USPS 1st class mail)

**CC:**

    **1)** Mathew C. G. Boyle (one true-copy of this cover letter) (Atty. of Record for Respondents; Boyle & Lowry, LLP; 4201 Wingren Rd., Ste 108; Irving, TX 75062; 972-650-7100; Via postage-prepaid USPS 1st class mail)

**FR:** M. Aram Azadpour (*pro se* Plaintiff-Appellant-Petitioner; P.O. Box 2644, Grapevine, TX 76099; 817-901-1160)

**RE:** The Petitioner Will Not Be Seeking a Rehearing on the Denial of Petition for Review in Pet. No. 14-0718

Dear Mr. Hawthorne,

On February 06, 2015 I sent an e-mail to the Office of Court Clerk (and copied the Lead Counsel for the Respondents on the same e-mail) stating that I wished to file a motion for rehearing on the "denial" of my Petition for Review under Pet. No. 14-0718. I had intended to seek rehearing on two matters, one on the matter that under the Tex. Pub. Info. Act (Tex. Gov. Cd. Chp. 552), the initial information requestor need not to wait for the Tex. Atty. Gen. to issue a letter-ruling before seeking a mandamus compelling disclosure;[1] and on another matter, which when the trial-court lacks subject matter, then its only path is to dismiss "without" prejudice as oppose to dismissing "with" prejudice.

Upon further analysis, I do not believe I would be entitled to a rehearing on grounds of modifying the trial-court's judgment so as to dismiss the cause of action upon the Tex. Pub. Info. Act "without" prejudice for the trial-court stated that it lacked subject matter to

---

[1] Presently there is another petition pending before the Court (under Pet. No. 14-15) which is on the same matter, and I believe the Court will rule in the favor of the petitioner there, i.e., the initial information requestor need not to wait for the Tex. Atty. Gen. to issue a letter-ruling before the initial information requestor is to bring a mandamus action to compel disclosure of public information.

Page 1 of 2, *cvr_ltr_on_not_seeking_a_rehearing_on_denial_of_petition*

hear that cause. Therefore, it should have dismissed the matter "without" prejudice as oppose to "with" prejudice. <u>Black v. Jackson</u>, 82 SW.3d 44, 55 (Tex. App. – Tyler [12[th] Dist.] 2002, no pet.). It seems that I could not have raised that matter (even as a fairly included issue within the issue related to the Tex. Pub. Info. Act), at the Court of Appeals level without having first raised it in the trial-court by-way of a motion for new trial. <u>Leonard v. Abbott (Atty. Gen. of Tex.)</u>, 171 SW.3d 451, 461 (Tex. App. – Austin [3[rd] Dist.] 2005, pet. denied).

Therefore, I will "not" be seeking a rehearing of the "denial" of Pet. No. 14-0718 by an Order dated January 09, 2015.

Regards,

M. Aram Azadpour
*pro se* Plaintiff-Appellant-Petitioner