ACCEPTED
14-14-00097-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 5:37:32 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00097-CV

IN THE FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/1/2015 5:37:32 PM
CHRISTOPHER A. PRINE
Clerk

AT HOUSTON, TEXAS

VICKI WARD,
Appellant

v.

LAMAR UNIVERSITY, TEXAS STATE UNIVERSITY SYSTEM,
AND JAMES SIMMONS,
Appellees

Appeal from Cause No. E194323, in the
172nd District Court of Jefferson County, Texas

APPELLANT'S RESPONSE TO APPELLEES'
MOTION FOR REHEARING OR, IN THE ALTERNATIVE,
REHEARING *EN BANC*

Pursuant to Rule 49.2, TEX. R. APP. P., and as requested by the Court, Appellant Vicki Ward responds as follows to the Appellees' Motion for Rehearing.

RESPONSIVE ISSUES

1.  Ward agrees with the Appellees and Chief Justice Frost that the sole constitutional basis for her appeal regarding her declaratory judgment action was improper dismissal

of her free speech claim under the Texas Constitution. To the extent that the Court granted reversal on other constitutional grounds, its reversal exceeds the scope of what Ward sought.

2. Ward's declaratory judgment action based upon constitutional violations is not moot because her claim for attorneys' fees breathes life into what might otherwise be a moot claim. Moreover, nothing in the record reflects that Ward's declaratory judgment claim is moot.

3. The Appellees again fail to address the pertinent Texas case law and recite a "laundry list" of complaints that Ward did not assert, while failing to examine the complaints she did assert. Nothing in the Appellees' Motion should prompt re-examination of the Court's opinion and judgment on Ward's whistleblower claim.

4. The Appellees have failed to present, demonstrate, or even mention any basis for *en banc* review.

## ARGUMENT

**Argument on Responsive Issue One:**

Ward agrees with the Appellees and Chief Justice Frost that the sole constitutional basis for her appeal regarding her declaratory judgment action was improper dismissal of her free speech claim under the Texas Constitution. To the extent that the Court granted reversal on other constitutional grounds, its reversal exceeds the scope of what Ward sought.

With her second issue presented to this Court, Ward intended to appeal the trial court's dismissal of her claim for declaratory judgment on the basis that the Appellees violated her free-speech right protected by the

2

Texas Constitution. Ward did not intend to pursue the reversal of any other constitutional claim. In all candor to the Court, free speech is the only ground upon which Ward believes her appeal should properly have been pursued and decided. To the extent that the Court construed Ward's appeal more broadly, it is an object lesson to Ward's appellate counsel to be more specific and concise in his briefing. Should the Court wish to revise its opinion to narrow its scope with regard to Ward's declaratory judgment action—reversing only the dismissal of that portion based upon her constitutionally protected right to free speech—Ward would have no issue with the Court's reasoned action.

**Argument on Responsive Issue Two:**

> Ward's declaratory judgment action based upon constitutional violations is not moot because her claim for attorneys' fees breathes life into what might otherwise be a moot claim. Moreover, nothing in the record reflects that Ward's declaratory judgment claim is moot.

## I. The Declaratory Judgment Act allows recovery of attorneys' fees on an "equitable and just" basis.

Texas has long followed the "American Rule" that prohibits awards of attorneys' fees unless specifically provided by contract or statute. *MBM Fin. Corp. v. Woodlands Oper. Co.*, 292 S.W.3d 660, 669 (Tex. 2009). Ward's

3

free speech claims in the trial court were brought under the Texas Declaratory Judgment Act, which provides the trial court with discretion to award attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE § 37.009; CR 44.

In many instances, a party must be a prevailing party in the trial court in order to obtain attorneys' fees. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE § 38.001; TEX. LAB. CODE § 21.259. But the plain language of the Texas Declaratory Judgment Act does not require that a plaintiff, or any other party, prevail in order to recover attorneys' fees and costs. *See* TEX. CIV. PRAC. & REM. CODE § 37.009. It provides the trial court with discretion to award costs and necessary attorney's fees "as are equitable and just," and Ward sought "fair and equitable" attorneys' fees by her action. *Id.;* CR 78-79. Texas courts have repeatedly recognized that the Declaratory Judgment Act does not require an award of attorneys' fees to the prevailing party, nor does it prohibit such an award to a non-prevailing party. *See Hansen v. JP Morgan Chase Bank,* 346 S.W.3d 769, 773 (Tex. App.—Dallas 2011, no pet.). Because she brought her claim under the Declaratory Judgment Act, Ward does not have to prevail on that claim in order to prevail on a claim for attorneys' fees.

4

**II.** **The Texas Supreme Court's analysis of the mootness doctrine and claims for attorneys' fees shows that Ward's claim for attorneys' fees is not moot.**

Mootness is a component of subject matter jurisdiction. *See Black v. Jackson*, 82 S.W.3d 44, 51-52 (Tex. App.—Tyler 2002, no pet.). When a request for injunctive relief or declaratory relief becomes moot, it may—in some circumstances—also cause a claim for attorneys' fees to become similarly moot. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227 (Tex. 1993). But, as the Texas Supreme Court's opinions demonstrate, this does not happen in every case, and it does not happen where the plaintiff brings her action under the Texas Declaratory Judgment Act. *See Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988).

**A.** ***A claim for attorneys' fees can "breathe life" into an otherwise moot cause.***

In *Camarena*, farm workers challenged the constitutionality of a statute that denied benefits to agricultural workers under the Texas Unemployment Compensation Act. 754 S.W.2d, at 150. The trial court granted the workers the sought-after declaration under the Uniform Declaratory Judgments Act, as adopted by Texas, but denied an award of

5

attorneys' fees under principles of sovereign immunity. *See Tex. Employment Comm'n v. Camarena,* 710 S.W.2d 665, 667 (Tex. App.—Austin 1986, *rev'd by* 754 S.W.2d 149). Afterward, the Legislature amended the Unemployment Compensation Act to phase in benefits for agricultural workers, and the trial court issued an amended judgment holding the newly amended statute constitutional.

Cross-appeals ensued, with the Commission arguing that the workers' claim was moot, in light of the Legislature's action, and the workers arguing that they were entitled to attorneys' fees. The Austin Court of Appeals agreed with the Commission on the mootness issue, and held attorneys' fees barred by sovereign immunity.

But the Texas Supreme Court saw things differently. Although it recognized that "it is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties," it nevertheless held that the farm workers' claim to attorneys' fees was just such a "controversy" and that it was not dependent upon the existence of any other claim. 754 S.W.2d, at 152. It further held sovereign immunity waived by Chapter 106 of the Civil Practice and Remedies Code. *Id.*

**B.** *A dispute over attorneys' fees under the Declaratory Judgment Act is a "live controversy" even if the substantive claim is moot.*

In *Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640 (Tex. 2005), the Texas Supreme Court considered an action brought under the Declaratory Judgment Act by an insurance company against its insured. Hallman was named as a defendant in a property damage suit, and Allstate—her liability insurer—stepped in to provide a defense under a reservation of rights. Simultaneously, Allstate filed suit against Hallman for declaratory judgment to resolve the question of its coverage. 159 S.W.3d, at 641. Hallman counterclaimed for a declaration that Allstate had a duty to defend and indemnify her in the underlying property damage suit. *Id.* Both Hallman and Allstate sought their attorneys' fees in the declaratory judgment action.

The trial court granted summary judgment for Allstate, but the court of appeals reversed, holding the property damage claim was covered by Hallman's policy. While the case was pending before the Texas Supreme Court on further appeal, Hallman won the underlying property damage claim, and Allstate agreed not to seek reimbursement for amounts it spent on her defense. 159 S.W.3d, at 642. This rendered the substantive portion

7

of Hallman's claim moot. Allstate had provided the demanded defense, and no indemnity was necessary. *Id.*

Nevertheless, the Court held that a controversy—Hallman's claim for attorneys' fees—yet existed between the parties. Favorably citing *Camarena,* the Court held that a justiciable controversy continued to exist between the parties precisely because of the existence of the claim for attorneys' fees. 159 S.W.3d, at 642-43. Again, citing the Declaratory Judgment Act, the Court held that the claim for attorneys' fees kept the case alive.

### C. *Even if Ward's substantive claims under the Declaratory Judgment Act are moot, her claim for attorneys' fees under that Act is not.*

Like both Camarena and Hallman, Ward brought her claims for declaratory relief under the Texas Declaratory Judgment Act. Mootness would, of necessity, prevent her from being a prevailing party, just as it prevented Speer from being a prevailing party. But the Declaratory Judgment Act does not require her to prevail. It requires only that an award be "equitable and just," and this is a matter encompassed by her second issue on appeal, which appealed the dismissal of her action under the Declaratory Judgment Act. As a matter of law and Texas Supreme

Court precedent, Ward's now revived claim for attorneys' fees under the Declaratory Judgment Act means that her claim is not moot. *See Pate v. Edwards*, No. 12-13-00231-CV, 2014 Tex. App. LEXIS 431, *7 (Tex. App.—Tyler Jan. 15, 2014, no pet.) (holding that, even though her underlying substantive constitutional issues were moot, the plaintiff's claim for attorney's fees was a separate controversy that persisted).

## III. Nothing in the record indicates Ward's declaratory judgment action is moot.

For purposes of demonstrating the purported mootness of Ward's declaratory judgment claim, the Appellees present her letter of resignation from Lamar University. *Appellees' Motion for Rehearing*, at Exh. A. The exhibit was never presented to the trial court. It is not a part of the record on appeal. And, thus, it cannot serve as any sort of basis for this Court's decision.

Appellate courts are not fact-finding courts but courts of review. They are not forums for presenting evidence for the very first time. Consequently, they may consider only what was also considered by a lower court and included in the appellate record. *See Mitchison v. Houston I.S.D.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ

9

denied); *Du Bois v. Williams,* No. 01-10-00074-CV, 2011 Tex. App. LEXIS 3191 (Tex. App.—Houston [1st Dist.] Apr. 28, 2011, no pet.) (appellate court cannot consider items attached to a brief that are not also formally included in the record on appeal). The Appellees present a single-page, unverified, non-certified letter that purports to be Ward's resignation. It is not part of the record on appeal, the trial court has never opined on its effect, and it does not release the Appellees from any claim for attorneys' fees asserted by Ward's declaratory judgment action. It can hardly claim to render that action moot. The Court may not even consider it.

**Argument on Responsive Issue Three:**

> The Appellees again fail to address the pertinent Texas case law and recite a "laundry list" of complaints that Ward did not assert, while failing to examine the complaints she did assert. Nothing in the Appellees' Motion should prompt re-examination of the Court's opinion and judgment on Ward's whistleblower claim.

There is nothing new here. Once again, the Appellees fail to address Ward's allegations and testimony. Once again, the Appellees set up straw men in order to knock them down. They fail to draw any connection between those straw men and Ward's very real allegations. A loss of supervisory authority implicates a loss of job status and prestige—matters

10

held protected by the Texas Whistleblower Act. *See Gray v. City of Galveston,* No. 14-12-00183-CV, 2013 Tex. App. LEXIS 6197, *17 (Tex. App.—Houston [14th Dist.] May 21, 2013, no pet.) (mem. op.) (citing *Montgomery County v. Park,* 246 S.W.3d 610, 615 (Tex. 2007).).

## I.      The Appellees fail to address directly applicable case law.

Once again, the Appellees make no effort to address pertinent case law, including *City of El Paso v. Parsons,* 353 S.W.3d 215 (Tex. App.—El Paso 2011, no pet.), which the Court cited in its Opinion. *Parsons* stands for the prospect that an employee who loses his responsibilities while, nonetheless, maintaining his title has been retaliated against. Nevertheless, and despite this Court's citation, the Appellees find the case unworthy of mention.

The *Parsons* Court applied the *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S. Ct. 2405 (2006) standard adopted by the Texas Supreme Court in *Montgomery County v. Park,* 246 S.W.3d 610 (Tex. 2007), finding that, under the totality of the circumstances, there was more than a scintilla of evidence that a transfer such as Parsons's would tend to deter an employee from reporting illegal conduct. 353 S.W.3d, at 228. It is almost exactly what happened to Ward. The Court committed no error by

11

recognizing this fact.

## II. The Appellees examine the sufficiency of matters Ward never alleged but fail to examine what she did allege.

On rehearing, once again, instead of considering what Ward *did* allege—removal of her oversight over purchasing and procurement and loss of supervisory authority—the Appellees' Brief spends substantial time reviewing a litany of potential employer acts that do *not* constitute adverse personnel action and that Ward never alleged. Appellees' Motion for Rehearing, at pp. 11-13. It is the same tactic the Court rejected previously. The Court should reject it now as it did before.

**Argument on Responsive Issue Four:**

> The Appellees have failed to present or demonstrate or even mention any basis for *en banc* review.

*En banc* consideration is generally disfavored. Rule 41.2(c), TEX. R. APP. P. Grounds for such consideration exist only when it is necessary to secure or maintain uniformity of the appellate court's decisions or unless extraordinary circumstances merit such consideration. *Id.* The Appellees do not argue that the Court's Opinion in this matter conflicts with any other opinion of this Court. Hence, they raise no argument that reconsideration is necessary for purposes of uniformity. Similarly, they

12

argue no extraordinary circumstance that would prompt consideration by the full Court. In fact, the Appellees raise no substantive rationale, at all, not even mentioning the question of *en banc* review beyond the title and first few sentences of the Motion. The Appellees' request for *en banc* reconsideration should be denied.

## CONCLUSION

On the rare occasion that the Appellees present anything new, it is something the Court may not consider. Ward agrees that she sought only to pursue her whistleblower and free speech claims before the trial court, but concedes nothing else. Her declaratory judgment action is not moot, her whistleblower claim is entirely valid, and the Appellees' request for *en banc* consideration is entirely unsupported. To the extent that the Court feels it necessary to reconsider its Opinion concerning certain constitutional claims, Ward concedes it should do so. In all other respects, Ward requests that the Appellees' Motion for Rehearing be denied.

Respectfully submitted,

**SIMPSON, P.C.**

*/s/ Iain G. Simpson*

_____

Iain G. Simpson
State Bar No. 00791667
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
(281) 989-0742
(281) 596-6960 (fax)
iain@simpsonpc.com

APPELLATE COUNSEL FOR
VICKI WARD

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Appellant's Reply Brief was served this 1st day of July, 2015, via electronic service or electronic mail on the following:

Eric L. Vinson
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Eric.Vinson@texasattorneygeneral.gov

COUNSEL FOR LAMAR UNIVERSITY,
TEXAS STATE UNIVERSITY SYSTEM, AND JAMES SIMMONS

*/s/ Iain G. Simpson*

_____

Iain G. Simpson