FEDERAL UNDERWRITERS EXCHANGE v. JOHN PUGH ET AL.

No. 8140. Decided October 6, 1943.
Rehearing overruled November 10, 1943.
(174 S. W., 2d Series, 598.)

*Lightfoot, Robertson & Gano,* of Fort Worth, for appellant.

*Smith & Smith* and *A. J. Smith,* of Anson, for appellee.

*Dallas Scarborough,* of Abilene, filed brief as amicus curiae.

MR. JUSTICE CRTZ delivered the opinion of the Court.

This is a workmen's compensation case. It is before this Court on certified questions from the Eastland Court of Civil Appeals. John Pugh, a minor, by his next friend, filed this cause in the District Court of Young County, Texas, to set aside an award of the Industrial Accident Board and recover workmen's compensation for an injury sustained in such county. By agreement of the parties the case was transferred to the District Court of Stephens County, Texas, where it was finally tried and judgment rendered for Pugh. Federal Underwriters Exchange, the compensation insurance carrier, appealed to the Eastland Court of Civil Appeals. That court has certified to this Court the following question:

"Where such suit has ben filed to set aside an award of the Industrial Accident Board in the county where the employee was injured and the court of said county, upon the agreement

and request of the parties thereto, transfers said cause to a court of another county, in which the injury did not occur, does the court of such county to which said cause was so transferred have jurisdiction to try said case and render judgment?"

Disregarding Article 8307a, Vernon's Texas Civil Statutes, (H. B. 879, Chap. 208, Acts 42d Leg., 1931, p. 351), which we will later refer to, the answer to the above-quoted certified question would be governed by the pertinent provisions of Section 5 of Article 8307, Vernon's Texas Civil Statutes, as heretofore interpreted and construed by this Court. The statute last mentioned provides: "* * * Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision * * *."

■ It is settled by the decisions of this Court that the provision of Section 5 of Article 8307, just quoted, considered alone, requiring suits to set aside the final rulings and awards of the Industrial Accident Board to be filed in the county where the injury occurred, was mandatory and jurisdictional, and that the courts of no other county had jurisdiction to hear or determine such suits. Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084; Oil Men's Reciprocal Assn. v. Franklin (Com. App., opinion adopted), 286 S. W. 195; Wilson v. Work, 122 Texas 545, 62 S. W. (2d) 490; Federal Surety Co. v. Jettson (Com. App.), 44 S. W. (2d) 923; Texas Employers Ins. Assn. v. Evans, 117 Texas 113, 298 S. W. 516. There may be some decisions of the courts of civil appeals that are not in absolute harmony with the decisions of this Court as above cited, but they cannot operate to overrule such decisions.

Jurisdiction of courts consists of two fundamental classifications,—jurisdiction of the subject matter, and jurisdiction of the person. Jurisdiction of the subject matter exists by operation of law only, and cannot be conferred upon any court by consent or waiver. On the other hand, jurisdiction of the person can be conferred by consent or waiver. 11 Tex. Jur., p. 714 et seq., secs. 11 and 12, and authorities there cited. It follows that if the District Court of Stephens County, Texas, did not have jurisdiction of the subject matter of this action, the agreement of the parties did not, and could not, operate to

confer the same. To the contrary, if the District Court of Stephens County did have jurisdiction of such subject matter, the transfer of this cause thereto on agreement of the parties clothed such court with power and jurisdiction to try and decide it on its merits.

In 1931 the Legislature enacted Article 8307a, Vernon's Texas Civil Statutes. This statute reads as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court."

■ Prior to the effective date of Article 8307a, supra, where a workmen's compensation case was filed in a court outside the county where the injury occurred, such court had no jurisdiction to do anything in regard thereto, except to dismiss. Such court could not even transfer the cause to the court having jurisdiction of the subject matter in the county where the injury occurred. The above statute relieves against that situation, and permits the transfer of compensation cases in instances where such cases have been filed in a court outside the county where the injury occurred. The statute does not expressly say so, but manifestly it intends that its provisions shall apply only where the case is filed in a court having jurisdiction of the subject matter of the litigation. This must be true, because any other construction would permit a district court case to be filed in a county or justice court, and would give those courts power to transfer. It is true that the above-quoted statute provides, "* * the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred." But, to our minds, the very fact that the statute makes the filing of a compensation suit in a court outside the county where the injury occurred a valid and legal in-

stitution of the action, operates to recognize jurisdiction of the subject matter in the initial court. It would be a paradox to say that the Legislature has enacted a statute which permits a civil action to be commenced by filing a petition in a particular court, and then say that such court does not have potential jurisdiction of the subject matter of such action. Simply stated, it is our opinion that when a statute permits a suit to be commenced in a particular court, it operates to give that court potential jurisdiction of the subject matter of the suit. This construction of Article 8307a leads to the conclusion that courts outside the county where the injury occurred, otherwise having jurisdiction of the subject matter of the litigation, do now have potential jurisdiction of workmen's compensation cases.

We answer the certified question above quoted, "Yes."

Opinion delivered October 6, 1943.

Rehearing overruled November 10, 1943.