# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00319-CV

Robert Scott, in his official capacity as Commissioner of Education
for the State of Texas, Appellant

v.

Presidio I.S.D., Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GV-06-001362, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

O P I N I O N

The question presented is whether section 21.307 of the education code, Tex. Educ. Code Ann. § 21.307 (West 2006), allowing a party to appeal the Commissioner's[1] decision to a district court in the county where the central administrative offices of the school district are located, or if agreed by all parties, to a district court in Travis County, is a jurisdictional statutory prerequisite. Because we conclude that section 21.307 is not a jurisdictional statutory prerequisite, we affirm the district court's order denying the Commissioner's plea to the jurisdiction, and we remand the cause to the district court for further proceedings.

---

[1] We substitute Robert Scott, successor to Shirley Neely, as Commissioner of Education for the State of Texas. *See* Tex. R. App. P. 7.2(a).

## BACKGROUND

Appellee, the Presidio Independent School District, sought to terminate the employment of one of its teachers, Samuel Papa. In response, Papa petitioned for a hearing officer to review his case. The hearing officer determined that the school district had sufficient grounds to terminate Papa, and Papa sought review before the Commissioner. Upon review, the Commissioner issued a final order concluding that Papa had not violated any law or school policy and that Papa should receive back pay and other relief.

Presidio ISD obtained Papa's agreement and filed suit for judicial review of the Commissioner's final order in Travis County. *See* Tex. Educ. Code Ann. § 21.307(a)(2) (West 2006). The Commissioner filed a plea to the jurisdiction arguing that venue in Travis County was improper because Presidio ISD failed to obtain the Commissioner's agreement to file suit in Travis County. The district court denied the Commissioner's plea, and the Commissioner appealed.

## DISCUSSION

In a single issue, the Commissioner argues that, in the absence of his agreement to file the suit in Travis County, the district court lacked jurisdiction over Presidio ISD's suit. In support of this argument, the Commissioner asserts that section 21.307 is a limited waiver of sovereign immunity and that, by failing to follow the requirements of the statute, Presidio ISD has failed to properly invoke the district court's jurisdiction.

### *Standard of Review*

Whether a district court has subject-matter jurisdiction is a question of law, which

we review *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 233 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Sovereign immunity from suit defeats a district court's subject-matter jurisdiction. *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The Commissioner may assert sovereign immunity from suit in a plea to the jurisdiction. *Id.* Accordingly, we review *de novo* the district court's denial of the Commissioner's jurisdictional plea based on sovereign immunity. *See Mayhew*, 964 S.W.2d at 928.

### *Sovereign Immunity and Statutory Prerequisites*

The Commissioner claims that sovereign immunity deprived the district court of jurisdiction over Presidio ISD's suit because Presidio ISD failed to comply with the statutory prerequisite in section 21.307 of the education code to obtain the Commissioner's agreement before filing suit in Travis County. In support of this argument, the Commissioner cites government code section 311.034. *See* Tex. Gov't Code Ann. § 311.034 (West Supp. 2007) (relating to waiver of sovereign immunity). In 2005, the legislature added the following language to section 311.034:

> Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.

*Id.*; *see* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783. The legislative history of this amendment reflects that the legislature wanted to "make it clear that the decision to waive sovereign immunity rests with the Legislature and that a court does not have jurisdiction over a case if a plaintiff has not met the statutory prerequisites for a waiver." *See* House Research Organization, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005). The legislative history further reflects the legislative intent that "a court would be required, due to lack of

jurisdiction, to dismiss any case for which the plaintiff had not met statutory requirements." *Id.*

The Commissioner argues that section 21.307's requirement to obtain the agreement of the parties in order to file suit in Travis County is a jurisdictional statutory prerequisite within the meaning of government code section 311.034. Because the Commissioner must be made a party to the appeal, *see* Tex. Educ. Code Ann. 21.307(c), and Presidio ISD failed to obtain the Commissioner's agreement to file suit in Travis County, the Commissioner contends that Presidio ISD failed to satisfy the statutory prerequisites and, therefore, the district court lacked subject-matter jurisdiction. We conclude the Commissioner's argument is without merit.

Assuming without deciding that the Commissioner is a "party" from whom Presidio ISD was required to obtain agreement before filing suit in Travis County, the supreme court has long held that subject-matter jurisdiction "exists by operation of law only, and cannot be conferred upon any court by consent or waiver." *See Federal Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600 (Tex. 1943); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). To accept the Commissioner's argument that, absent his agreement, the district court lacked subject-matter jurisdiction would contravene this well-established principle. *See Federal Underwriters*, 174 S.W.2d at 600. We do not think this is what the legislature intended. *See id.* Accordingly, we conclude that section 21.307(a)(2)'s requirement to obtain the parties' agreement to file suit in Travis County is not a jurisdictional statutory prerequisite within the meaning of section 311.034 of the government code,[2] and we overrule the Commissioner's issue on appeal.

---

[2] In light of our conclusion, we express no opinion on whether the Commissioner is a "party" within the meaning of section 21.307(a)(2).

4

# CONCLUSION

Having overruled the Commissioner's sole issue on appeal, we affirm the district court's order denying the Commissioner's plea to the jurisdiction and remand this cause to the district court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   May 7, 2008