*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-07-00783-CV

Manuela **BELLIA**,
Appellant

v.

David **WELLS**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-13062
Honorable Michael Peden, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  February 11, 2009

AFFIRMED

The trial court rendered an amended divorce decree, granting a divorce to Manuela Bellia and David Wells. However, the trial court dismissed the parties' other claims – conservatorship, possession and access, child support, and property division – on the ground the court lacked subject matter jurisdiction with regard to these issues. Bellia appeals, contending the trial court erred in dismissing these claims. We affirm.

## BACKGROUND

Wells and Bellia married in 1989. They are the parents of one child. Wells filed a petition for divorce in Bexar County, Texas in 2006. When Wells filed his petition he was an active-duty member of the United States Navy and had declared San Antonio, Bexar County, Texas as his legal residence and domicile, contending in his petition he had been a domiciliary of Texas for six months and a resident of Bexar County for ninety days preceding the filing of his petition. Bellia, an Italian citizen residing in Italy, filed a special appearance, but subsequently filed a counter petition for divorce. In addition to seeking a divorce, both parties sought determinations of conservatorship, access and possession, and division of property.

After a non-jury trial, the trial court rendered a final decree of divorce. Thereafter, Wells filed a "Motion to Dismiss Claims for Conservatorship, Possession and Access, Child Support and Property Division." Wells claimed the trial court lacked subject matter jurisdiction over their son and any issues related to him because the child is a resident of Italy and has never lived within the jurisdiction of the court. He further claimed the trial court lacked subject matter jurisdiction over the property division because the property to be divided is not located within the court's jurisdiction. After a hearing, the trial court granted Wells's motion and signed an Amended Final Decree of Divorce, which merely granted a divorce, and an Order Dismissing Claims for Conservatorship, Possession and Access, Child Support and Property Division. Bellia appealed.

## ANALYSIS

Relying on section 6.301 and 159.201(a)(2) of the Texas Family Code, Bellia contends the trial court erred in rendering the order of dismissal. She argues the trial court had jurisdiction because (1) divorce actions are based on domicile and Wells claimed to be domiciled in Texas and

never disputed that Texas was his home state until the trial court entered a judgment he did not like, and (2) Wells consented to the court's jurisdiction by filing the divorce action in which he sought determination of the issues dismissed by the trial court. *See* TEX. FAM. CODE ANN. § 6.301 (Vernon 2006) (stating divorce suit may not be maintained unless either petitioner or respondent has been (1) Texas domiciliary for six months preceding suit, and (2) county resident in county in which suit is brought for 90 days preceding suit); § 159.201(a)(2) (Vernon 2008) (stating that in proceeding to establish or enforce child support or determine parentage court may exercise personal jurisdiction over nonresident if he consents by entering general appearance or filing responsive document effectively waiving contest to personal jurisdiction).

"A court must possess both subject matter jurisdiction over a case and personal jurisdiction over a party to issue a binding judgment." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Subject matter jurisdiction refers to the power of a court to hear a particular type of suit. *Id.* "Subject matter jurisdiction exists when the nature of the case falls within a general category of cases the court is empowered . . . to adjudicate." *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.—San Antonio 2003, no pet.) (quoting *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex. App.—El Paso 2000, no pet.)). Subject matter jurisdiction "exists by operation of law only, and cannot be conferred upon any court by consent or waiver." *In re A.D.D.*, 974 S.W.2d 299, 303 (Tex. App.—San Antonio 1998, no pet.) (quoting *Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 541, 174 S.W.2d 598, 600 (1943)). Personal jurisdiction refers to a court's power to bind a particular person or entity. *Link*, 925 S.W.2d at 594. Unlike subject matter jurisdiction, personal jurisdiction can, as a general rule, be conferred by consent or waiver. *A.D.D.*, 974 S.W.2d at 303 (citing *Pugh*, 174 S.W.2d at 600); *see* TEX. FAM. CODE ANN. § 159.201(a)(2).

Wells's motion to dismiss was based on an absence of subject matter jurisdiction. In its findings of fact and conclusions of law, the trial court found and concluded it lacked subject matter jurisdiction over the issues of conservatorship, child support, and the division of property. The issue of personal jurisdiction over Wells was not raised by the motion to dismiss nor does it form any basis for the trial court's ruling. On appeal, Bellia's only argument relates to personal jurisdiction over Wells. She makes no effort to discuss the alleged existence of subject matter jurisdiction relevant to each claim that was dismissed. It is not the court's place to make Bellia's arguments for her. *See Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 903 (Tex. App.—Dallas 2006, no pet.); *see also Murray v. Devco, Ltd.*, 731 555, 557 (Tex. 1987) (holding appellant bears burden to show judgment is erroneous to obtain reversal); TEX. R. APP. P. 38.1(h).

Because Bellia has presented nothing for review on the issue of the existence of subject matter jurisdiction, we overrule her issue and affirm the trial court's judgment.

In his conclusion and prayer, Wells requests we order Bellia to pay his attorney's fees for defending "this frivolous appeal." *See* TEX. R. APP. P. 45. Rule 45 provides:

> If the court of appeals determines that an appeal is frivolous it may–on motion of any party or on its own initiative, after notice and a reasonable opportunity for response–award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the records, briefs, or other papers filed in the court of appeals.

*Id*. "It is within our discretion to grant or deny appellate sanctions." *Sanchez v. Sanchez*, No. 04-06-00469-CV, 2007 WL 1888343, at *7 (Tex. App.—San Antonio Jul. 3, 2007, pet. denied) (mem. op.), *cert. denied*, 129 S.Ct. 71 (2008). When exercising this discretion, we must act "with prudence, caution, and after careful deliberation." *Id.* (quoting *Baker Hughes Oilfield Operations*, *Inc. v. Hennig Prod. Co.*, *Inc.*, 164 S.W.3d 438, 448 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

While we have determined that Bellia's appellate complaints are without merit, we decline to impose

sanctions and therefore deny Wells's request for attorney's fees.


Steven C. Hilbig, Justice