

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00181-CV

---

IN RE PHILIP T. PIXLER                                    RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. CV17-10-820

----------

## OPINION

----------

### I. INTRODUCTION

After Real Party in Interest City of Newark sued Relator Philip T. Pixler in district court for injunctive relief, to enforce penalties that were administratively assessed against him, to recover civil penalties for violating the City's junked-vehicle ordinance, and for violating the Texas Uniform Fraudulent Transfers Act (TUFTA), Pixler filed a mandamus petition in this court, asking us to order the district court to dismiss the City's lawsuit for want of subject-matter jurisdiction.

All but one of the City's claims are jurisdictionally sound: the administrative-penalties claim. We therefore will grant in part and deny in part Pixler's petition.

## II. BACKGROUND

Pixler operates a business, Tim's Auto Tech, on a .54-acre tract located within the City. By letter dated March 31, 2017, the City notified Pixler that the property was in violation of the City's ordinances related to junked vehicles[1] and to using parking spaces,[2] stating in part,

> It is apparent that you have exceeded the parking capacity of your property. You have also resorted to parking your overflow vehicles on the Grace Baptist Church parking lot due to your congested parking lot. Vehicles are also being parked haphazardly on your property, sometimes two and three deep. At other times, vehicles are being parked adjacent / parallel to FM 718. When this happens, it blocks and obstructs the view for westbound motorists exiting Hudson Street onto or across FM 718, which can be a traffic safety issue.

On May 5, 2017, the City filed eight complaints in municipal court involving eight different vehicles located on the property. Several weeks later, at a hearing on the complaints, Pixler agreed to submit the matters to an administrative

---

[1]Ordinance section 8.05.003(a) declares that a junked vehicle on private or public land that is visible from a public place or a public right-of-way is a public nuisance. Newark, Tex., Code of Ordinances ch. 8, art. 8.05.003(a) (2017). Subsection (b) provides that a person commits an offense by permitting a junked vehicle "to be parked, left, or maintained on personal real property." *Id.*, art. 8.05.003(b).

[2]Zoning ordinance section 26.10 prohibits off-street parking and loading spaces from being used "for storage or display of boats, trailers, campers, motor vehicles or other goods, materials, products for sale." Newark, Tex., Code of Ordinances ch. 14, exhibit A, § 26.10 (2017).

board.[3]    The administrative board subsequently determined that Pixler had violated the City's junked-vehicle ordinance as to each of the eight vehicles, and it assessed an administrative penalty in the amount of $1,000 for each violation, for a total of $8,000.  Pixler did not appeal the administrative board's penalties but instead filed a challenge to the municipal court's subject-matter jurisdiction and a motion for summary judgment, neither of which the municipal court appears to have ruled on.

In early October 2017, the City filed a petition in district court seeking (1) to enjoin Pixler from further violating its ordinances, (2) to enforce and to collect the $8,000 in administrative penalties, and (3) to impose separate civil penalties against Pixler for violating its ordinances.  Pixler answered the City's suit, filed counterclaims against numerous employees and agents of the City, and challenged the district court's subject-matter jurisdiction to consider the City's claims.  The district court subsequently granted the City's jurisdictional plea and dismissed Pixler's counterclaims against the counter-defendants.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011).

In March 2018, the City filed a motion for partial summary judgment on its claims for permanent injunctive relief, to recover the $8,000 in administrative penalties, and to collect civil penalties.  The trial court granted the City's motion

---

[3]Pixler now contends that he thought the purpose of the hearing was to determine only whether the vehicles were "junk" vehicles, but he fails to explain what effect, if any, his purported misperception has on the district court's subject-matter jurisdiction.

but reserved a determination on the amount of the penalties for a later date. A few weeks later, the City filed an amended petition alleging a claim for violation of the TUFTA and a pleading again seeking civil penalties.[4]

On May 7, 2018, the trial court signed an order assessing civil penalties against Pixler in the amount of $80,000—$1,000 per day for 80 days. The City's TUFTA claim is the lone outstanding claim.

### III. SUBJECT-MATTER JURISDICTION

In what we construe as his only issue, Pixler argues that the district court lacks subject-matter jurisdiction over the City's lawsuit because, regarding the proceedings against him for violating the junked-vehicles ordinance, the City improperly converted what he contends is a criminal case to an administrative matter, where a final adjudication was rendered against him without any statutory authority and in violation of his right to a jury trial. Directing us to numerous statutes and ordinances, the City responds that the district court has subject-matter jurisdiction.

Pixler's petition requires us to construe statutes. When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We seek that intent first and foremost in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209

---

[4]Regarding its TUFTA claim, the City explained that Pixler had transferred all but one of his real properties into investment trusts controlled by his spouse and him just days before he accrued a substantial debt—the summary judgment ordered by the trial court. The assets totaled approximately $837,558. After the transfers, only $600 remained in Pixler's name.

4

S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008); *see* Tex. Gov't Code Ann. § 311.011(a) (West 2013). We apply the same principles used to construe statutes to construe municipal ordinances. *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 20 (Tex. 2016).

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## A. The City's reasons to deny the petition

We first consider several grounds that the City raised to outright deny Pixler's petition. The City argues that mandamus relief is improper because the record does not contain any order or other document showing that the district court ruled on Pixler's challenge to its subject-matter jurisdiction. But in his response to the City's motion for partial summary judgment, Pixler informed the district court—under the heading "Plea to the Jurisdiction"—that he had previously filed a jurisdictional challenge that was never ruled on. We can safely infer that in granting the City summary judgment, the district court considered, and rejected, Pixler's challenge, and requiring the court to enter a separate order

5

at this point would be futile. *See In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (observing futility exception to general rule requiring order).

Moreover, while a request for action by the trial court and a refusal of that request is generally a predicate to mandamus relief, *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding), a lack of subject-matter jurisdiction is fundamental error that can be raised anytime and that an appellate court must review whenever it appears. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("Subject matter jurisdiction is essential to the authority of a court to decide a case."). The original-proceeding context is no exception; mandamus is generally proper if a trial court lacks subject-matter jurisdiction. *In re St. Thomas High Sch.*, 495 S.W.3d 500, 514 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

The City and the counter-defendants also argue that we should deny the petition because Pixler has an adequate remedy by appeal, but any action taken by a trial court without subject-matter jurisdiction is void, and mandamus will issue to correct a void order, regardless of whether the relator has an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Office of Att'y Gen. of Tex.*, 264 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

6

Finally, in a letter brief, the City seems to suggest that the district court has subject-matter jurisdiction because Pixler was the one who requested the administrative hearing and appeared and participated in it, but the issue here is subject-matter jurisdiction, which can never be conferred by consent or waiver, not personal jurisdiction, which a party waives by generally appearing. *See Trenz v. Peter Paul Petrol. Co.*, 388 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The same holds true for the City's contention that Pixler "affirmatively invok[ed]" the district court's subject-matter jurisdiction by filing counterclaims. While it is certainly true that a party must allege facts that affirmatively demonstrate a court's jurisdiction to hear the claim, *see Tex. Ass'n of Bus.*, 852 S.W.2d at 446, a party has no power, by its allegations or otherwise, to vest a court with subject-matter jurisdiction when none exists. *See Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 541, 174 S.W.2d 598, 600 (Tex. 1943) ("Jurisdiction of the subject matter exists by operation of law only . . . .").

## B. The City's claims

Both sides employ a rather broad-brushed approach to the issue. We separately assess each of the City's claims for subject-matter jurisdiction.

### 1. Injunctive relief

Local government code chapter 54 contains provisions relating to the enforcement of municipal ordinances. Tex. Loc. Gov't Code Ann. §§ 54.001–.044 (West 2008 & Supp. 2017). Subchapter B specifically addresses municipal

7

health and safety ordinances. *Id.* §§ 54.012–.020. Thereunder, section 54.012 allows a municipality to bring a civil action to enforce an ordinance "relating to the preservation of public health" and "for zoning that provides for the use of land." *Id.* § 54.012(2), (3). Section 54.013 provides that jurisdiction and venue of an action under subchapter B of chapter 54 "are in the district court or the county court at law of the county in which the municipality bringing the action is located." *Id.* § 54.013. And section 54.016 permits the municipality to obtain injunctive relief against the owner of the premises that is allegedly in violation of the ordinance.[5] *Id.* § 54.016.

Code of Ordinance section 8.05.003(a) declares that the presence of any junked vehicle that is visible from a public place is "detrimental to the safety and welfare of the public." Newark, Tex., Code of Ordinances ch. 8, art. 8.05.003(a). Section 26.10 of the City's zoning ordinance, which addresses off-street parking spaces, provides for the use of land.[6] Newark, Tex., Code of Ordinances ch. 14, exhibit A, § 26.10.

Therefore, local government code sections 54.012, 54.013, and 54.016 combined (1) to authorize the City to file the underlying civil action in the district

---

[5]The City also relies on local government code section 211 to support its request for injunctive relief. *See* Tex. Loc. Gov't Code Ann. § 211.012(c)(2) (West Supp. 2017).

[6]The City contends, and the district court concluded in its summary-judgment order, that the City's junked-vehicle and parking-space ordinances also relate to other matters contained in local government code section 54.012. *See* Tex. Loc. Gov't Code Ann. § 54.012(1), (6), (7).

court for the purpose of enforcing and enjoining the violation of its junked-vehicle and off-street parking ordinances and (2) to vest the district court with subject-matter jurisdiction over the claim. We overrule Pixler's issue insofar as he challenges the district court's subject-matter jurisdiction over the City's claim for injunctive relief.

## 2. Civil penalties

The City's claim for *civil* penalties is different than its claim to recover the *administrative* penalties that were assessed against Pixler by the administrative board. Local government code section 54.017(a) provides as follows:

> (a) In a suit against the owner or the owner's representative with control over the premises, the municipality may recover a civil penalty if it proves that:
>
> > (1) the defendant was actually notified of the provisions of the ordinance; and
> >
> > (2) after the defendant received notice of the ordinance provisions, the defendant committed acts in violation of the ordinance or failed to take action necessary for compliance with the ordinance.

Tex. Loc. Gov't Code Ann. § 54.017(a). Subsection (b) limits the penalty to no more than $1,000 per day. *Id.* § 54.017(b). The City alleged in its petition that Pixler continued to violate its junked vehicle and off-street parking ordinances even after being warned of the violations. The district court has subject-matter jurisdiction over the City's claim for civil penalties. We overrule Pixler's issue

9

insofar as he challenges the district court's subject-matter jurisdiction over the City's claim for civil penalties.

### 3. TUFTA

The City alleged that Pixler, with the intent to hinder, delay, or defraud the City, violated the TUFTA by transferring real property valued at over $800,000 to one or more entities that he controls shortly before accruing a debt—the summary judgment ordered by the district court. *See* Tex. Bus. & Comm. Code Ann. § 24.005 (West 2015). District courts have original jurisdiction over a civil matter in which the amount in controversy is more than $500, exclusive of interest. Tex. Gov't Code Ann. § 24.007(b) (West Supp. 2017). The district court has subject-matter jurisdiction over the City's TUFTA claim. We overrule Pixler's issue insofar as he challenges the district court's subject-matter jurisdiction over the City's TUFTA claim.

### 4. Administrative penalties

The City relies on transportation code section 683.0765 and local government code section 54.044 to support its assertion that the district court has subject-matter jurisdiction over the City's claim to enforce the $8,000 in penalties that were administratively assessed against Pixler by the administrative board.

Transportation code chapter 683 addresses abandoned motor vehicles, and subchapter E of that chapter specifically addresses junked vehicles. Tex.

10

Transp. Code Ann. §§ 683.071–.078 (West 2011 & Supp. 2017). The City argues, and we have no reason to dispute, that it passed its junked-vehicle ordinance—Ordinance No. A-241, Article 8.05—"pursuant to Chapter 683." *See id.* § 683.074(a) ("A municipality or county may adopt procedures that conform to this subchapter for the abatement and removal from private or public property or a public right-of-way of a junked vehicle . . . as a public nuisance."). Indeed, consistent with subchapter E, the City's junked-vehicle ordinance contains provisions related to declaring junked vehicles a public nuisance, to notice of an ordinance violation, and to a hearing on the alleged violation.[7] *See id.* §§ 683.072, .075, .076; *see also* Newark, Tex., Code of Ordinances ch. 8, arts. 8.05.003, .005, .006.

Significantly, the procedures that the City adopted to enforce and prosecute its junked-vehicle ordinance take place in the "municipal court," before a "judge," and during a "trial." For example, section 8.05.006, which addresses requests for a hearing, provides that the request "shall be made to the clerk of the municipal court of the city . . . , to set a date and time to appear before the judge of the municipal court for a trial to determine whether the person is in violation of this article." Newark, Tex., Code of Ordinances ch. 8, art. 8.05.006. And section 8.05.008 provides that "[t]he judge of the municipal court shall hear any case brought before the court pursuant to this article and shall determine whether the defendant is, in fact, in violation of this article." *Id.* art. 8.05.008(a).

---

[7]The ordinance even cites chapter 683.

11

In addition to enforcing a junked-vehicle ordinance via the procedures established by the sections that address notice and a hearing, subchapter E of chapter 683 permits a municipality to alternatively enforce an ordinance via an administrative process. Section 683.0765 provides,

> A municipality *by ordinance may provide for* an administrative adjudication process under which an administrative penalty may be imposed for the enforcement of an ordinance adopted under this subchapter. If a municipality provides for an administrative adjudication process under this section, the municipality shall use the procedure described by Section 54.044, Local Government Code.

Tex. Transp. Code Ann. § 683.0765 (emphasis added). Local government code section 54.044(a) provides,

> (a) As an alternative to the enforcement processes described by this subchapter, a municipality by ordinance may adopt a procedure for an administrative adjudication hearing under which an administrative penalty may be imposed for the enforcement of an ordinance described by Section 54.032 or adopted under Section 214.001(a)(1).

Tex. Loc. Gov't Code Ann. § 54.044(a). Section 54.044 goes on to set out various provisions relating to notice, a hearing, an order, and an appeal that apply when the alternative administrative process is utilized. *Id.* § 54.044(d), (h), (k). And section 54.044(j) allows a municipality to enforce an order issued under the subsection "by filing a civil suit for the collection of a penalty assessed against the person." *Id.* § 54.044(j)(1). The City contends that the district court has subject-matter jurisdiction under the authority of section 54.044(j).

12

In one of its filings, the City maintained that subchapter E of chapter 683 "allows an administrative adjudication process under the procedures described by Section 54.044," but contrary to the City's imprecise construction, section 683.0765 does not just *allow* a municipality to alternatively enforce its junked-vehicle ordinance via an administrative adjudication process; rather, section 683.0765 permits a municipality to utilize an alternative administrative process only if it first adopts, *by ordinance*, provisions for such procedures. Tex. Transp. Code Ann. § 683.0765. We have scoured the City's ordinances, and while its junked-vehicle ordinance contains enforcement provisions relating to notice and a hearing before a municipal court (detailed above), we could find no provisions in which the City had adopted any kind of alternative administrative process like the one contained in section 54.044. In other words, although the City no doubt passed its junked-vehicle ordinance "pursuant to Chapter 683," it clearly stopped short of adopting an administrative process to alternatively enforce the ordinance.

Concerned that we could be overlooking something, we requested "that the City submit additional briefing that directs the court to where, by ordinance, the City has adopted an administrative adjudication process like the one described in local government code section 54.044." The City responded in relevant part as follows:

> Ordinance No. A-375 provides that the municipal court "has the jurisdiction provided by Chapter 30 of the Government Code for

13

municipal courts of record." Chapter 30 of the Government Code, in turn, provides that a municipality may confer civil jurisdiction "for the purpose of enforcing municipal ordinances enacted under . . . Subchapter E, Chapter 683, Transportation Code." And Subchapter E of Transportation Code Chapter 683 includes the authority to provide for "an administrative adjudication process under which an administrative penalty may be imposed for the enforcement of an ordinance adopted under this subchapter." Thus, by adopting an ordinance conferring Government Code Chapter 30 jurisdiction on the Newark Municipal Court, the City has also conferred civil jurisdiction on the Municipal Court to provide for an administrative adjudication process under Subchapter E of Transportation Code Chapter 683. [citations omitted]

We fail to see how by designating the municipal court as a municipal court of record, the City simultaneously established, by ordinance, an alternative administrative process for purposes of enforcing its junked-vehicle ordinance. The same holds true for the City's reliance on government code section 30.00005(d)(1), which provides that "[t]he governing body of a municipality by ordinance may provide that the court has" "civil jurisdiction for the purpose of enforcing municipal ordinances enacted under . . . Subchapter E, Chapter 683." Tex. Gov't Code Ann. § 30.00005(d)(1) (West Supp. 2017). That the municipal court has been granted civil jurisdiction so that it *may* provide for an administrative adjudication process by ordinance does not mean that the City actually *has* passed an ordinance that, in the words of section 683.0765, "provide[s] for an administrative adjudication process under which an administrative penalty may be imposed." Tex. Loc. Gov't Code Ann. § 683.0765. Contrary to our well-established rules of statutory construction, the City's

14

argument renders the language of transportation code section 683.0765 meaningless while reading far too much into government code section 30.00005(d)'s.

Because the City utilized an alternative administrative process like the one set out in local government code section 54.044 without having adopted an ordinance permitting it to do so, it follows that (1) the administrative board lacked the authority to assess $8,000 in administrative penalties against Pixler, rendering the penalty void, and (2) section 54.044(j) provides no authority for the City to enforce the penalty in the district court, extinguishing the district court's statutorily derived subject-matter jurisdiction to consider the claim. Accordingly, we sustain Pixler's issue insofar as it challenges the district court's subject-matter jurisdiction over the City's claim to enforce the $8,000 in administrative penalties.

## IV. CONCLUSION

Having overruled part of Pixler's only issue, we deny his petition insofar as he challenges the district court's subject-matter jurisdiction over the City's claims for injunctive relief, to recover civil penalties, and for violating the TUFTA. Having sustained part of Pixler's issue, we conditionally grant Pixler's petition insofar as he challenges the district court's subject-matter jurisdiction over the City's claim to enforce the administrative penalties. Accordingly, we direct the district court to set aside only the portion of its March 27, 2018 "Summary Judgment Order and Permanent Injunction" in which it ordered "that, pursuant to

15

Texas Local Government Code § 54.044, the [City] is entitled to enforcement of the administrative penalties assessed against [Pixler] totaling $8,000." A writ will issue only if the district court fails to do so.[8]

This Court's June 5, 2018 order staying the district court proceedings in cause number CV17-10-820, styled *City of Newark, William Andrew Messer, Mack Reinwand, Ashley D. McSwain, Rene Culp, Pamela Thompson, Taylor Burton, and Jeanine M. Inman v. Philip T. Pixler*, pending in the 271st District Court of Wise County, Texas, is hereby lifted.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and MEIER, JJ.

DELIVERED: July 26, 2018

---

[8]We deny Pixler's request to sanction the City in the amount of $80,000.

16