ACCEPTED
15-25-00094-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/22/2025 11:01 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00094-CV

IN THE FIFTEENTH DISTRICT COURT OF APPEALS
FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/22/2025 11:01:02 PM
CHRISTOPHER A. PRINE
Clerk

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

**DR. COOPER'S REPLY IN SUPPORT OF EMERGENCY MOTION TO
STAY PENDING PETITION FOR WRIT OF MANDAMUS**

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
avi.moshenberg@lmbusinesslaw.com

Simona Agnolucci (*pending pro hac admission*)
Barrington Dyer (*pending pro hac admission*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pending pro hac admission*)
Emily Abbey (*pending pro hac admission*)
Isabella McKinley Corbo (*pending pro hac admission*)
Zoe Packman (*pending pro hac admission*)
Rodolfo Rivera Aquino (*pending pro hac admission*)
Remy Carreiro (*pending pro hac admission*)
Emma Rodriguez (*pending pro hac admission*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7470

ATTORNEYS FOR RELATOR

## INTRODUCTION

The State's Response to Dr. Cooper's Motion for an Emergency Stay mischaracterizes the proceedings that have led to this point. Dr. Cooper files this Reply to correct the record.

Dr. Cooper previously challenged one claim on the basis of Section 101.106 in a Rule 91a Motion to Dismiss. The trial court "denied as premature due to the 91A posture of Defendant's Motion." M.R. 219. Before the Plea to the Jurisdiction filed on April 25, 2025 (which remains outstanding), Dr. Cooper did not challenge, and the trial court did not address, whether the it had subject-matter jurisdiction to hear this action. After the hearing on the Motion to Dismiss, the trial court did not order jurisdictional discovery as the State suggests; it proceeded into the merits of the case by issuing numerous non-jurisdictional orders and setting a case schedule that does not contemplate jurisdictional discovery. M.R. 245–48. Until the State's filing today, all parties have acted with the understanding that the trial court's February 28, 2025 ruling was not jurisdictional.

Jurisdiction cannot be waived and it has not been waived here. Holding otherwise would not only cost Dr. Cooper his procedural right to an interlocutory appeal, it would deny him his substantive right to challenge subject-matter jurisdiction as to two claims, including one that did not exist in the case at the time the motion was filed.

1

An emergency stay is necessary to preserve Dr. Cooper's substantial rights and this Court's mandamus jurisdiction.

<b><u>ARGUMENTS & AUTHORITIES</u></b>

**I.    The Trial Court Has Not Determined Whether It Has Subject Matter Jurisdiction Over This Action.**

The State claims the trial court "ruled that the State's Petition adequately alleged jurisdiction." State's Response to Dr. Cooper's Emergency Motion to Stay ("Response"). This is false. The trial court has not heard argument or ruled on the question of whether it has subject-matter jurisdiction over this case. This argument was presented for the first and only time when Dr. Cooper filed his Plea to the Jurisdiction on April 25, 2025.

The State contends that Dr. Cooper's first Rule 91a Motion raised arguments "virtually identical in substance and form" to his April Plea. *Id*. But this Motion argued only that a single claim should be dismissed because, among other things, that it is barred by Section 101.106 of the Texas Tort Claims Act ("TTCA"). It did not challenge the trial court's jurisdiction to hear this action as a whole or raise any challenge whatsoever to two of the State's three claims—one of which was pleaded after the Rule 91a Motion was filed. Furthermore, the trial court expressly reserved ruling on the substance of the Section 101.106 argument, denying it only as "premature." The State's Response is the first time it has been suggested that the trial court's "prematurity" ruling was in fact jurisdictional.

2

### A. This Is Dr. Cooper's First Claim Of Immunity From Suit, And First Challenge Of The State's Other Two Claims.

Dr. Cooper cannot have "already presented this plea to the jurisdiction to the court" when his Plea (1) responds to an amended petition not in existence at the time he filed his Motion to Dismiss and (2) raises challenges to two claims never before discussed. Response at 7; *see, e.g.*, *Ward v. Lamar Univ.*, 484 S.W.3d 440, 449–50 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (concluding that where an amended petition was filed after a plea to the jurisdiction, the trial court appropriately addressed claims challenged in the plea, but could not address new claims which post-dated the plea). The State's characterization would not only rob Dr. Cooper of his statutory right to an interlocutory appeal—it would deny him the right to challenge jurisdiction as to the SB 14 and the TCSA claims at all. Texas law does not allow this. *See Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 541 (1943) (finding that subject-matter jurisdiction is an operation of law, and "cannot be conferred upon any court by consent or waiver.").

Further, the trial court did not deny Dr. Cooper's jurisdictional challenge outright, or continue the matter for jurisdictional discovery. Had either occurred, then there would be no need for this original proceeding. Instead, the trial court made clear both in open court and in its written order that Dr. Cooper's Section 101.106(f) argument was denied only as "premature." M.R. 205-06, 219. The State's claim that the "court ruled that the State's Petition adequately alleged

3

jurisdiction over Dr. Cooper," is simply incorrect. *See* Response at 1. The court made no ruling on whether the State's Petition met its burden to allege jurisdiction, which only serves to emphasize that the trial court did not treat Dr. Cooper's Motion to Dismiss as a jurisdictional plea. Rather, after hearing arguments on the Motion to Dismiss, the court said:

> Because I think Dr. Cooper's order needs to be more nuanced, I'm going to ask you to prepare a draft, provide it to opposing counsel, and then get it to me to sign because ***I want it to be clear from its face that I'm finding that it's premature for the Court to consider the TTCA and the sovereign immunity arguments***.

M.R. 205-06 (emphasis added).

> The order the court then entered cemented this position. It reads:

> Defendant's arguments as to the Texas Tort Claims Act and sovereign immunity are denied as premature due to the 91A posture of Defendant's Motion. The Court will take up these arguments at the appropriate stage, when the Court can properly consider evidence including any employment agreements, billing and payment records, and related testimony.

M.R. 219. Dr. Cooper has attempted, in good faith, to comply with this order. He has provided the trial court with its requested evidence, in a Plea to the Jurisdiction that additionally raises new arguments; *i.e.*, pleadings-only jurisdictional challenges to the SB 14 and TCSA claims based on the allegations in the State's Amended Petition. But it is now clear that doing so will cost him his procedural rights, absent this Court's intervention.

4

**B. The Trial Court's Order Could Not Have Been Jurisdictional.**

Until today, all parties have proceeded with the understanding that the trial court's previous ruling was not jurisdictional. Since the trial court's Rule 91a ruling, it has issued multiple orders on the State's non-jurisdictional subpoenas to two hospitals, signed an agreed order permitting the Attorney General's Office to represent one of those same hospitals, denied a motion to transfer venue, held a hearing on the Texas Attorney General's Rule 12 Motion, denied a motion for a publicity order, and entered a Discovery Control Plan and Scheduling Order. M.R. 5–8. None of those actions are proper if the trial court's previous ruling was jurisdictional. *See In re Hoa Hao Buddhist Congregational Church Texas Chapter*, 2014 WL 7335188, at \*5 (Tex. App.—Houston Dec. 23, 2014, no pet.) (concluding a trial court abused its discretion by requiring compliance with "discovery demands before determining the jurisdiction question"); *In re Congregation B'Nai Zion of El Paso*, 657 S.W.3d 578, 584–85 (Tex. App.—El Paso 2022, no pet.) (finding an abuse of discretion where a trial court allowed broad discovery before considering a plea to the jurisdiction). The trial court could have ordered jurisdictional discovery if it made the ruling the State suggests. But it didn't, as discussed below.

## II.   The State's Response Misrepresents The Underlying Proceeding.

The State's Response mischaracterizes the history of this litigation in two fundamental ways. First, the trial court has not ordered targeted jurisdictional discovery. Rather, it has proceeded with broad merits-based discovery. Second, the State's Motion to Compel, which concerns discovery requests served months before any jurisdictional challenge was raised, is not jurisdictional, and the State's attempts to recolor it as such in the face of Dr. Cooper's Plea fall flat.

### A.   Contrary To The State's Suggestions, The Court Did Not, And Has Not, Ordered Jurisdictional Discovery.

The State references "the close of jurisdictional discovery." Response at 8. But no jurisdictional discovery has been ordered in this case. The scheduling order issued by the trial court provides only for "fact discovery" and "expert discovery," and makes no mention of jurisdictional discovery. M.R. 246–47. This is unsurprising given that the order was issued on April 22, 2025—three days before Dr. Cooper filed his Plea to the Jurisdiction. M.R. 246, 251.

As explained in his Petition, Dr. Cooper is not opposed to properly scoped jurisdictional discovery, if ordered. Petition for Writ of Mandamus at 16. But that is not what has occurred here. The trial court has advanced broad discovery, which has spiraled into multiple cases, including four that were heard in this Court earlier this week. None of this discovery is constrained to jurisdiction, and therefore is all inherently merits-based. *See Texas Right to Life v. Van Stean*, 702 S.W.3d 348, 355

6

(Tex. 2024) ("Any issue not necessary to a jurisdictional determination, therefore, goes only to the merits. A court may reach such a merits issue only after assuring itself of its subject-matter jurisdiction.").

Dr. Cooper cannot have failed to participate in jurisdictional discovery when none has been ordered. *Cf.* Response at 3. Nor is he, as the State implies, attempting to thwart the progression of this litigation. And contrary to the State's representations, *see id.*, Dr. Cooper has not agreed to be deposed in June. His counsel simply provided their availability for third-party depositions of certain non-party patients. This is precisely the type of burdensome discovery sought by the State that Dr. Cooper should not be forced to endure while a valid challenge to the trial court's subject-matter jurisdiction remains pending. *See In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *5 (Tex. App. Feb. 12, 2025) (collecting cases where "relators had no adequate remedy by appeal because the trial court's order subjected them to the burden and expense of litigation before determining their claims of immunity from suit").

### B. The State's Motion to Compel Does Not Seek Jurisdictional Discovery.

The State says its motion to compel concerns jurisdictional discovery. But that is wrong. Jurisdictional discovery is "targeted" discovery "necessary to illuminate jurisdictional facts." *Casper v. Texas Woman's Univ.*, No. 02-22-00345-CV, 2023 WL 5617129, at *15–16 (Tex. App. Aug. 31, 2023), *review denied* (June

7

14, 2024).  Here, the State does not seek to compel any discovery from Dr. Cooper "material to the trial court's assessment of [Dr. Cooper's] plea to the jurisdiction." *Quested v. City of Houston*, 440 S.W.3d 275, 283 (Tex. App. 2014).  The trial court stated at the February 28 hearing that the dispositive issue is "who had control, the legal right to control, the treatment that was being provided."  M.R. 204.  The Court directed the parties to consult the pertinent case law to determine what the "relevant discovery" would be to answer this question.  M.R. 206.  At the same hearing, the Court requested specific evidence on the issue as to "who received the payment for the treatment," "billing records," and Dr. Cooper's "employment agreement."  *Id.*

The State does not seek to compel responses targeted at jurisdiction in its Motion.  Instead, the State moved to compel Dr. Cooper's responses to *all* of its written discovery, none of which "raise[s] a fact issue material to the determination of the jurisdictional plea." *See Klumb v. Houston Mun. Employees Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015).

The State seeks production of "*all* responsive, non-privileged discovery materials in [Dr. Cooper's] possession, custody or control."  M.R. 356–59 (emphasis added).  By contrast, *none* of the State's requests concern issues presented by Dr. Cooper's Plea to the Jurisdiction.  The requests do not seek information about Dr. Cooper's affirmative defenses or about his claim to immunity.  Nor do they seek information about Dr. Cooper's employment—the State does not ask for Dr.

8

Cooper's employment agreements, paystubs, or memoranda of appointment. The only possible fact issues that could plausibly arise from Dr. Cooper's Plea to the Jurisdiction are whether he is a state employee and whether he is being sued for conduct within the scope of his state employment. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). None of the State's requests are targeted to these questions.

The State's Response gives away the game. The State once again stands on its pleadings and presents no theory that places jurisdictional facts in dispute. It references the trial court's discussion of billing records, which the State sought on January 29, 2025, "before Dr. Cooper filed his motion to dismiss, and long before the court noted they would need to be produced to resolve [Dr. Cooper's] TTCA and sovereign immunity claims." Response at 5. But there is nothing in the State's pleadings that creates a jurisdictional fact issue that could be resolved with billing records, which would be necessary before jurisdictional fact-gathering on the matter. *See In re Brown*, 2020 WL 4047965, at *3 (Tex. App.—Dallas July 20, 2020, no pet.) (finding a deferral on a plea to the jurisdiction for more discovery was an abuse of discretion where no fact-dependent claims were identified). The request for billing records cannot be retroactively characterized as jurisdictional discovery to avoid the clear bar on pursuing merits discovery before a jurisdictional challenge is resolved.

9

**C.** **Without This Court's Intervention, Dr. Cooper's Attempts To Comply In Good Faith With The Trial Court's Request Will Cost Him His Right To An Interlocutory Appeal.**

By refusing to set Dr. Cooper's Plea for a hearing (and thus avoiding ruling on his Plea), the trial court is denying him his right to an interlocutory appeal under Section 51.014(a)(8) of the Civil Practice and Remedies Code. Mandamus relief is necessary to stop the trial court from indefinitely kicking the can down the road. And to be clear, that's what's happening here. The trial court denied Dr. Cooper's initial Motion to Dismiss (as to the DTPA claim) without prejudice and as "premature" but then refused to set Dr. Cooper's later Plea to the Jurisdiction (as to all claims) for a hearing, even though he had gathered the evidence needed to address the trial court's concern. The trial court's delay in ruling deprives Dr. Cooper of his substantial rights by subjecting him to the "burden and expense of litigation before [his] immunity from suit [has] been determined." *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.—Beaumont Aug. 16, 2018, orig. proceeding).

May 22, 2025

Respectfully submitted,

/s/ Avi Moshenberg
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532

LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
(832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

Simona Agnolucci (*application for pro hac admission pending*)
Barrington Dyer (*application for pro hac admission pending*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*application for pro hac admission pending*)
Emily Abbey (*application for pro hac admission pending*)
Isabella McKinley Corbo (*application for pro hac admission pending*)
Zoe Packman (*application for pro hac admission pending*)
Rodolfo Rivera Aquino (*application for pro hac admission pending*)
Remy Carreiro (*application for pro hac admission pending*)
Emma Rodriguez (*application for pro hac admission pending*)
WILLKIE FARR & GALLAGHER LLP
333 Bush St, 34th Floor
San Francisco, CA 94104
(415) 858-7470
sagnolucci@willkie.com
bdyer@willkie.com
aholland@willkie.com
eabbey@willkie.com
icorbo@willkie.com
zpackman@willkie.com
rriveraaquino@willkie.com
rcarreiro@willkie.com
erodriguez@willkie.com

ATTORNEYS FOR RELATOR

11

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon all interested parties pursuant to TRAP 9.5(b)(2).

s/ *Avi Moshenberg*
Avi Moshenberg

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Avi Moshenberg on behalf of Nicholas Lawson
Bar No. 24083367
avi.moshenberg@lmbusinesslaw.com
Envelope ID: 101189148
Filing Code Description: Response
Filing Description: Dr. Cooper's Reply in Support of Emergency Motion to Stay
Status as of 5/23/2025 7:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Avi Moshenberg | | avi.moshenberg@lmbusinesslaw.com | 5/22/2025 11:01:02 PM | SENT |
| Simona  Agnolucci | | SAgnolucci@willkie.com | 5/22/2025 11:01:02 PM | SENT |
| Dyer Barrington | | bdyer@willkie.com | 5/22/2025 11:01:02 PM | SENT |
| Anika Holland | | aholland@willkie.com | 5/22/2025 11:01:02 PM | SENT |
| Zoe Packman | | zpackman@willkie.com | 5/22/2025 11:01:02 PM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 5/22/2025 11:01:02 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| David Shatto | | david.shatto@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Pauline Sisson | | david.shatto@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 5/22/2025 11:01:02 PM | SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 5/22/2025 11:01:02 PM | SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 5/22/2025 11:01:02 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 5/22/2025 11:01:02 PM | SENT |